Mary E. FOLTZ

v.

**PULLMAN, INCORPORATED, a Delaware corporation, Successor by Merger to Swindell-Dressler Corporation, a former Pennsylvania corporation, and the Carborundum Company, a Delaware corporation, Successor by Merger to the Pangborn Company.**

Superior Court of Delaware, New Castle.

April 15, 1974.

Robert Jacobs, Bader, Dorsey & Kreshtool, Wilmington, for plaintiff.

B. Wilson Redfearn, Tybout, Redfearn & Schnee, Wilmington, for defendant Pullman, Inc.

Walter L. Pepperman, II, Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant Carborundum Co.

## OPINION

CHRISTIE, Judge.

This is a wrongful death action arising out of the death of the plaintiff's husband. The defendants are Pullman, Inc., and the Carborundum Company.[1] Plaintiff alleges that defendants are responsible for the design, production, and installation of a new type of furnace system at the Phoenix Steel Corporation plant in Claymont, Delaware, where the decedent was employed. It is plaintiff's contention that the defendants' negligence in connection with the new furnace system caused the system to adversely affect the environmental conditions at the plant and that her husband's death was brought about on account of his exposure to these bad environmental conditions. Carborundum has moved for summary judgment contending that this action is barred by the doctrines of res judicata and collateral estoppel in that this action necessarily involves the litigation and determination of the question whether or not the employee died as a result of working conditions within the plant, a question which has previously been litigated and decided against the plaintiff.

On October 8, 1970, the plaintiff filed a petition with the Industrial Accident Board against her husband's employer seeking to recover workmen's compensation benefits for the "dependents of a deceased worker." A hearing was held on April 11, 1973. The plaintiff contended that her husband's

---

1. Although E. W. Bliss Company was also named as a party-defendant in this action, its motion for summary judgment was granted on March 14, 1974.

death was due to an occupational disease which he had contracted as a result of the working conditions at the Phoenix Steel plant. In its decision of May 14, 1973, the Board denied the plaintiff's workmen's compensation claim against Phoenix Steel on the ground that she had failed to meet her burden of proving that her husband's death was due to his exposure to the working conditions at the plant. No appeal was taken from the Board's decision.

On September 30, 1971, which was a year and a half before the Industrial Accident Board rendered its decision, the plaintiff instituted this action for wrongful death. Assuming for the purposes of this motion for summary judgment that there could be an eventual finding in this case that negligence on the part of Carborundum resulted in the existence of adverse environmental conditions within the Phoenix Steel plant, Carborundum contends that the issue of proximate cause, i. e., whether or not the working conditions which were caused by defendants' alleged negligence actually resulted in the decedent's death, would still have to be litigated and decided. Carborundum argues that a determination as to proximate cause would necessarily involve the litigation and determination of whether or not the decedent's death was caused by any conditions within the plant. As this precise question has already been raised and decided against the plaintiff in her workmen's compensation claim against Phoenix Steel, Carborundum contends that the doctrines of res judicata and collateral estoppel preclude the plaintiff from relitigating the question in this case.

Although the decisions of the Industrial Accident Board are res judicata under the provisions of 19 Del.C. § 2349 unless appealed within twenty days, General Motors Corporation v. Morgan, Del.Super., 286 A. 2d 759 (1971), the effect, if any, which the Board's decision may have upon this case will be through the applicability of the doctrine of collateral estoppel rather than res judicata.

Res judicata and collateral estoppel are often used interchangeably due to the fact that they are both doctrines of public policy designed to put an end to litigation once a party has had his day in court and a full opportunity to present his case. There are, however, significant distinctions between the two doctrines. Under the doctine of res judicata, a judgment in a prior suit involving the same parties, or persons in privity with them, bars a second suit on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, a judgment in a prior suit does not operate to bar a subsequent cause of action but rather precludes in a subsequent suit on a different cause of action the relitigation of a factual issue which was litigated and decided in the prior suit between the same parties or persons in privity with them. See Tyndall v. Tyndall, Del.Supr., 238 A.2d 343 (1968). A further distinction between the two doctrines is that the bar of res judicata extends to all issues which might have been raised and decided in the first suit as well as to all issues that actually were decided whereas the bar of collateral estoppel is limited solely to those issues which were actually litigated and decided in the first suit.

Although Carborundum was not a party to the hearing before the Industrial Accident Board, it contends that it may assert the bar of collateral estoppel against the plaintiff, who was a party, inasmuch as Carborundum was in privity with the employer, which was a party-defendant before the Board. Carborundum also contends that it may raise the bar of collateral estoppel even if the Court were to rule that there was no privity between Carborundum and the employer since Delaware has abandoned the requirement of privity in cases where the bar is asserted by a stranger to the first suit, i. e., one who was neither a party to the first suit nor in privity with such a party, against a person who was either a party, or in privity with a party, to the prior suit.

■ The concept of privity pertains to the relationship between a party to a suit and a person who was not a party but whose interest in the action was such that he will be bound by the final judgment as if he were a party. Most courts have traditionally adhered to the rule that a judgment or determination of fact is conclusive only as to parties or persons in privity with them. However, in the leading case in Delaware on the subject of privity,[2] the Court determined that the requirement of privity, which is based on constitutional due process, i. e., no man can be deprived of his property except by due process of law, is relevant only when res judicata is asserted against one who was not a party to the prior suit. Coca-Cola Co. v. Pepsi-Cola Co., Del.Super., 6 W.W.Harr. 124, 172 A. 260 (1934). In another leading case, the Supreme Court of California stated:

"The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. * * * He is bound by that litigation only if he had been a party thereto or in privity with a party thereto. * * * There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation." Bernhard v. Bank of America Nat.

Trust & Sav. Ass'n., 19 Cal.2d 807, 122 P.2d.892, 894 (1942).

■ Closely related to and sometimes used synonymously with privity is the requirement of mutuality of estoppel. Mutuality of estoppel dictates that a judgment will not be held conclusive in favor of one person unless it would be conclusive against him had the case been decided the other way. See Continental Can Co. v. Hudson Foam Laytex Products, Inc., N.J.Super., 303 A.2d 97 (1973).

The requirement of mutuality of estoppel, however, has been eroded in much the same way as the requirement of privity. Thus, in Coca-Cola Co. v. Pepsi-Cola Co., *supra,* the Court ruled that the requirement of mutuality must yield to the public policy behind the doctrine of res judicata. The holding of the Court was that a nonparty to a prior suit may assert the plea of res judicata in a second suit involving the identical issues against one who was a party to the prior suit notwithstanding any lack of privity or mutuality which may exist. The Court concluded that "to hold otherwise would be to allow repeated litigation of identical questions, expressly adjudicated, and to allow a litigant having lost on a question of fact to re-open and re-try all the old issues each time he can obtain a new adversary not in privity with his former one."

■ Therefore, regardless of whether or not privity existed between Carborundum and Phoenix Steel,[3] the rule in Delaware would allow Carborundum to defen-

---

2. Although this case and other cases cited throughout this opinion focus on the doctrine of res judicata, the principles contained therein may legitimately be extended to the related doctrine of collateral estoppel.

3. Carborundum's argument that it was in privity with Phoenix Steel is based upon what Carborundum contends was the "liability over" which existed between them under 19 Del.C. § 2363. Carborundum's use of the term "liability over" derives from the following language of the Court in the case of Coca-Cola

Co. v. Pepsi-Cola Co., Del.Super., 6 W.W. Harr. 124, 172 A. 260, 263 (1934) :
"The subject of res judicata may generally be divided into two main and distinct classes. The first class would include those cases where there is some privity or liability over between a party to the first suit and a party to the second suit. * * *
"The second class of cases include[s] those where there is no liability over, either way, between the party pleading res judicata or against whom it is pleaded, and any party to the prior suit."

sively assert the bar of collateral estoppel against the plaintiff to preclude her from relitigating a factual issue which is crucial to this case but which has already been decided against her in a prior suit in which she had a full and fair opportunity to present her case.

Plaintiff argues that the decision of the Industrial Accident Board does not operate to bar the litigation of any issues which may arise in this wrongful death action on account of the following contentions: (1) plaintiff was denied a full and fair opportunity to present her case against Phoenix Steel in that (a) she was denied the right to a jury trial and (b) discovery is not only limited in a case before the Board but plaintiff contends that the procedure which does exist favors the employer; (2) limited recovery is allowed in a workmen's compensation case and this limit undermines any inducement which may exist to fully litigate the case before the Board and before the Court on appeal; (3) the fact that plaintiff may derive no economic benefit from a workmen's compensation award inasmuch as any recovery in a subsequent case against a third-party tortfeasor must first be applied to reimburse the employer to the extent of any benefits he has paid contributes to the lack of motivation to fully litigate a workmen's compensation claim; (4) the doctrine of collateral estoppel should not be applicable where the plaintiff did not choose to bring two separate actions but rather did so as a result of statutory mandate; and (5) the application of the bar in this case will not serve the policy of ending litigation inasmuch as all future claimants will always appeal adverse decisions of the Board notwithstanding the fact that they could simply proceed at law against the third-party tortfeasor.

■ I do not find these contentions to be persuasive. The doctrine of collateral estoppel, like the doctrine of res judicata, is primarily one of public policy and only secondarily concerned with the private benefit or hardship to the individual litigants. Coca-Cola Co. v. Pepsi-Cola Co., *supra*. The differences between litigating an issue before the Board and litigating it before this Court are not, under the circumstances here present, found to be so fundamental as to preclude the application of the doctrine of collateral estoppel.

■ Plaintiff voluntarily chose to proceed against the employer for compensation and thus became subjected to the procedural rules of the Industrial Accident Board. While this choice of initial forums did not constitute an election of remedies since the plaintiff was free to also institute an action at law against Carborundum,[4] plaintiff did run the risk that a final, adverse decision could be rendered by the Board prior to a final judgment in the action against the defendant for damages and that one or more of the issues decided by the Board would be crucial issues in the third-party action.

As the decision of the Board is conclusive as against the plaintiff, it is the holding of the Court that the plaintiff is bound by the factual determination of the Board and that Carborundum may preclude the plaintiff from relitigating that factual issue in this case through the doctrine of collateral estoppel. Inasmuch as that issue is a crucial part of the plaintiff's case against Carborundum, Carborundum's motion for summary judgment against the plaintiff is granted.

It is so ordered.

4. 19 Del.C. § 2363(a) provides that "the taking of proceedings to enforce compensation . . . shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages . . . ."