**Donald W. MESSICK and Penny Messick, Plaintiffs Below, Appellants,**

v.

**STAR ENTERPRISE, a general partnership, Texaco Refining and Marketing (East) Inc., a Delaware corporation, as owner/partner of Star Enterprise, and Saudi Refining, Inc., a Delaware corporation, as owner/partner of Star Enterprise, Defendants Below, Appellees.**

No. 183, 1994.

Supreme Court of Delaware.

Submitted: Feb. 14, 1995.
Decided: March 22, 1995.

Bayard J. Snyder of Snyder & Associates, P.A., Wilmington, for appellant.

Paul M. Lukoff of Prickett, Jones, Elliott & Schnee, Wilmington, for appellee.

Harvey B. Rubenstein (argued), Christopher J. Curtin and William W. Erhart, Delaware Trial Lawyers Ass'n, Wilmington, amici curiae.

Before VEASEY, C.J., WALSH, HOLLAND and BERGER, JJ., and DUFFY, J., Retired,* constituting the Court en Banc.

VEASEY, Chief Justice.

In this appeal, we consider whether the application of collateral estoppel to decisions of the Industrial Accident Board ("IAB") forces an election of remedies prohibited under Delaware Workers' Compensation law. The Superior Court found that collateral estoppel applies to IAB decisions, thus barring plaintiff below-appellant Donald W. Messick ("Messick") from rearguing in a third-party civil suit a factual contention rejected by the IAB—namely, that his heart attack was caused by gas exposure. Therefore, it granted summary judgment for defendant below-appellee Star Enterprise ("Star"). It also denied, for the same reason, Messick's Motion for Reargument with regard to claims for additional injuries. We hold that collateral estoppel, as applied to issues decided in IAB hearings and then relitigated in third-party civil actions, forces an election of remedies in violation of 19 *Del.C.* § 2363(a) ("Section 2363(a)"). Accordingly, we **REVERSE** the judgment of the Superior Court granting summary judgment to Star, and **REMAND** the case for proceedings consistent with this opinion.[1]

---

* Sitting by designation pursuant to Supreme Court Rule 2 and Del. Const, art. IV, §§ 12 and 38.

1. Due to our holding, we find it unnecessary to address Messick's remaining assignments of error.

## I. FACTS

On March 14, 1991, Messick, an employee of U.E. & C. Catalytic, Inc. ("Catalytic"), was injured while working on a pipeline at the Star Enterprise Delaware City Plant (the "Plant").[2] While removing a nozzle on the pipeline, Messick was overcome by gases and became ill. He received oxygen at the Plant's medical unit, returned to work, and continued to work until March 31, 1991. On April 6, 1991, Messick suffered a heart attack.

On June 13, 1991, Messick filed a petition against Catalytic with the IAB seeking to recover workers' compensation benefits. At an IAB hearing on April 29, 1992, Messick testified and presented expert witness testimony in support of his claim. The IAB found that, while Messick had been exposed to a gas, he failed to prove that the gas caused his subsequent heart attack.

Messick filed a Notice of Appeal from this ruling with the Superior Court. That appeal was dismissed with prejudice by stipulation between Messick and his employer, Catalytic, on October 20, 1992. Messick then commenced this action against Star on February 19, 1993. Messick alleged that, as a result of concentrated exposure to sulfur dioxide and hydrogen sulfide gases at the Plant, he suffered a "massive heart attack." Star moved for summary judgment, claiming that Messick should be collaterally estopped from arguing that his heart attack was caused by the gas exposure, since that issue had already been resolved in the IAB proceeding involving Catalytic.

The Superior Court granted Star's Motion for Summary Judgment on November 4, 1993. Messick then filed a Motion for Reargument pursuant to Superior Court Civil Rule 59(e), based on the issue of Messick's damages in addition to his heart attack. The Superior Court denied the motion, finding that such other damages were the same symptoms as those giving rise to a heart attack. Messick appeals the Superior Court's grant of summary judgment to Star.

**2.** The Plant is owned by Star, a general partnership owned by Texaco Refining and Marketing

## II. COLLATERAL ESTOPPEL AS APPLIED TO IAB DECISIONS

▮ Under the doctrine of collateral estoppel, if a court has decided an issue of fact necessary to its judgment, that decision precludes relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Collateral estoppel extends not only to issues decided by courts, but also to issues decided by administrative agencies acting in a judicial capacity where the parties had an opportunity to litigate. *Foltz v. Pullman, Inc.*, Del.Super., 319 A.2d 38, 42 (1974); *Phillips v. A.P. Green Refractories Co.*, 428 Pa.Super. 167, 630 A.2d 874, 879 (1993), *appeal granted in part sub nom. Phillips v. A-Best Prod.*, Pa.Supr., 645 A.2d 1317 (1994) (citing *Grant v. GAF Corp.*, 415 Pa.Super. 137, 608 A.2d 1047 (1992), *order aff'd sub nom. Gasperin v. GAF Corp.*, 536 Pa. 429, 639 A.2d 1170 (1994) (hereinafter referred to as "*Grant*")). "The test for applying collateral estoppel requires that (1) a question of fact essential to the judgment, (2) be litigated and (3) determined (4) by a valid and final judgment." *Taylor v. State*, Del.Supr., 402 A.2d 373, 375 (1979) (citing *Tyndall v. Tyndall*, Del.Supr., 238 A.2d 343, 346 (1968)). Based on *Foltz*, 319 A.2d 38, the Superior Court found that all four of these criteria are met in the controversy at bar.

▮ First, the issue developed before the IAB was whether Messick's heart attack was causally connected to the emission of gases at the Plant. In this suit, Messick claims damages stemming from a heart attack suffered as a result of exposure to gases at the Plant. The issue in this suit is substantially similar to the issue Messick raised in the IAB hearing. Although Star was not a party to the prior adjudication, mutuality is not a prerequisite to the assertion of collateral estoppel. *Columbia Casualty Co. v. Playtex FP, Inc.*, Del.Supr., 584 A.2d 1214, 1217 (1991); *Foltz*, 319 A.2d at 41.

(East) Inc. and Saudi Refining, Inc.

Second, the issue was litigated. "The differences between litigating an issue before the [Industrial Accident] Board and litigating it before this Court are not ... so fundamental as to preclude the application of collateral estoppel." *Foltz,* 319 A.2d at 42; *see Phillips,* 630 A.2d at 879 ("The doctrine of collateral estoppel is not unavailable simply because administrative procedures are involved") (quoting *Grant,* 608 A.2d at 1056).

Finally, the issue was determined and a valid and final judgment was rendered. The IAB held that Messick failed to meet his burden of proof in that he did not show that his heart attack was causally related to his inhalation of gases at the Plant. Additionally, although Messick originally appealed the decision, his appeal was withdrawn with prejudice.

Messick complains that, despite the clarity of existing law collaterally estopping him from pursuing an action against Star, which was not a party to the original IAB action, the imposition of collateral estoppel forces an election of remedies which is prohibited under Section 2363(a). That section, which deals with the acceptance of and the taking of proceedings to enforce worker's compensation benefits, provides that such actions "shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with this section."

Messick claims that, if election of remedies were required, he would be forced to choose between trying to secure immediate compensation for medical bills and lost wages in an IAB hearing, and instituting a lengthier, though possibly more remunerative, third-party civil action. Messick thus argues that *Foltz* should no longer be followed, collateral estoppel in the absence of mutuality should be abandoned in the IAB context, and the Superior Court's grant of summary judgment should be vacated.

This Court will review *de novo* the trial court's grant of summary judgment, and will affirm the trial court's legal conclusions unless they represent an error in applying legal precepts. *Arnold v. Society for Savings Bancorp, Inc.,* Del.Supr., 650 A.2d 1270, 1278 (1994).

After reviewing the facts of this case, we hold that mutuality must be retained in instances, as here, where the desire to end litigation and avoid conflicting decisions is overshadowed by statutory public policy and by principles of fairness and justice. *See Continental Can Co. v. Hudson Foam Latex Prod.,* 129 N.J.Super. 426, 324 A.2d 60, 61–62 (1974) (holding that the application of collateral estoppel depends on many factors, all of which must be considered "because they contribute to the greatest good for the greatest number so long as fairness is not sacrificed on that altar"). Although the workers' compensation law was enacted by the legislature to serve the injured worker's need for expeditious relief "without [having to] subject himself to the hazards and delay of a law suit," *Frank C. Sparks Co. v. Huber Baking Co.,* 48 Del. 9, 96 A.2d 456, 461 (1953), absence of mutuality subjects the injured worker appearing before the IAB to the possibility of collateral estoppel and thus precludes the possibility of a third-party civil action.

In *Foltz,* the Superior Court noted the existence of this dilemma. Despite holding that the application of collateral estoppel to IAB decisions did not effect an election of remedies, the Court in *Foltz* stated that "plaintiff did run the risk that a final, adverse decision could be rendered by the [IAB] prior to a final judgment in the action against the defendant for damages and that one or more of the issues decided by the [IAB] would be crucial issues in the third-party action." *Foltz,* 319 A.2d at 42. But it is precisely because "plaintiff did run [that] risk" that he was forced to an election of remedies in contravention of the statute. *See also* 2A Arthur Larson, *The Law of Workmen's Compensation,* §§ 73.10, 73.21 (1993) (noting existence of election of remedies in IAB context in Delaware and its inequitable results).

If *Foltz* were to be followed, the only way to avoid this result would be to litigate the third-party claim first and await the result before going to the IAB. This defeats the

purpose of the workers' compensation law, as the worker is left in the position of having to forego immediate aid and assistance before the IAB in the hope that he wins his third-party suit. On the other hand, the third party has two chances to avoid risk—the first if the worker loses before the IAB (he then will be collaterally estopped from asserting the claim in a third-party suit), and the second if the worker wins before the IAB and files a third-party action. In a third-party action, the successful claimant could not use the doctrine of collateral estoppel as a sword against the defendant, but the defendant could nonetheless use collateral estoppel as a shield against the claimant. *See Restatement (Second) of Judgments* § 29, at 291 (1982) (collateral estoppel should not apply to issues relitigated in third-party civil actions where "treating the issue as conclusively determined would be incompatible with an applicable scheme of administering the remedies in the actions involved").

Further, the differences between a workers' compensation proceeding and civil litigation are appreciable. Litigation in the Superior Court permits litigants to undertake full discovery of witnesses and parties, including document production, interrogatories and depositions. Super.Ct.Civ.Rs. 26–34. Actions before the IAB, on the other hand, allow only limited discovery in the nature of document production, pursuant to IAB Rule 11. Differences also exist in the evidentiary rules, the award of damages, and the time allowed to present the case. *Compare generally* Super.Ct.Civ.Rs. with IAB Rules. Although both fora present the claimant opportunity to litigate, the tools available to prosecute a claim in the two fora are not equal. *See Restatement (Second) of Judgments* § 29(2), Comment d, at 291–294 (1982) (collateral estoppel should not apply where "[t]he forum in the second action affords the party against whom preclusion is asserted procedural opportunities in the presentation and determination of the issue that were not available in the first action and could likely result in the issue being differently determined").

The absence of mutuality also has a chilling effect on spousal suits for loss of consortium. If the injured worker loses a cause of action before the IAB, this effectively precludes his or her spouse from bringing a loss of consortium action before the courts. This is the result even though the spouse did not have the opportunity to bring the claim before the IAB.

Star claims that collateral estoppel in this case does not force an election of remedies. Star relies on *Grant,* 608 A.2d at 1059, a Pennsylvania case, for the proposition that, while Section 2363 allows an injured employee to pursue an action against third parties, it does not exempt the employee from statutes and common law doctrine in a civil action once the IAB has made a final determination. Star's reliance on *Grant* is misplaced. The Pennsylvania workers' compensation statute that *Grant* interprets does not explicitly state, as does Delaware's, that the statute is not to serve as an election of remedies. *Compare* 19 *Del.C.* § 2363(a) *with* Pa.Stat.Ann. tit. 77, §§ 1–1603. Therefore, the problematic issues concerning collateral estoppel in this State are different from the issues which may or may not arise in Pennsylvania.

## III. CONCLUSION

Here the statutory preclusion of election of remedies dictates that collateral estoppel not bar the relitigation in third-party civil actions of factual issues decided in IAB hearings. This holding is strictly limited to this narrow set of circumstances where a statute mandates that there be no election of remedies and the application of collateral estoppel would result in such an election.[3] Accordingly, we disapprove the holding in *Foltz,* **REVERSE** the Superior Court's grant of summary judgment, and **REMAND** for proceedings consistent with this opinion.

---

**3.** Nothing contained herein is intended to be applied as precedent in connection with the application of principles of collateral estoppel in other proceedings where, for example, administrative proceedings and legal remedies coexist, in the absence of a statute such as 19 *Del.C.* § 2363(a) precluding an election of remedies.