

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# Wilson v. PA Prop Cslty Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3063

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wilson v. PA Prop Cslty Ins" (2005). *2005 Decisions.* Paper 887.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/887

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3063
_____

VANESSA WILSON

v.

RELIANCE INSURANCE COMPANY,
(PENNSYLVANIA PROPERTY AND CASUALTY
INSURANCE GUARANTY ASSOCIATION);
MOBILE DREDGING AND PUMPING COMPANY

Pennsylvania Property and Casualty
Insurance Guaranty Association and
Mobile Dredging and Pumping Company,

Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-04055)
District Judge:  The Honorable Clifford Scott Green

_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2005

(Filed: July 7, 2005)

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellants, Reliance Insurance Company and Pennsylvania Property and Casualty Insurance Guarantee Association (PPCIGA), appeal from a District Court order granting summary judgment to the Appellee, Vanessa Wilson. Because we find that the District Court erred by giving preclusive effect to a prior default judgment by the Superior Court of the State of Delaware, we will vacate and remand.

**I.**

Wilson accepted a ride from Dwayne Gardner, an employee of Mobile Dredging and Pumping Company, in a Mobile owned vehicle.[1] The truck was insured by Reliance. During the drive, the truck was forced off the road and Wilson sustained serious injuries.

Wilson did not own a registered motor vehicle, nor did she live in a household with a vehicle. Thus, Wilson filed a request for arbitration to obtain first party

_____

1. Appellants claim that Gardner stole the truck from Mobile, but Wilson maintains that Gardner had continuous permitted access to the truck.

medical benefits as an insured under the Mobile policy. Reliance failed to appear at the arbitration, so Wilson was awarded medical and wage benefits. When Reliance failed to make payments on the arbitration award, Wilson filed a Summons and Complaint in the Superior Court of the State of Delaware seeking to enforce the award. Reliance never appeared or answered the Complaint. Consequently, a default judgment was entered in Wilson's favor. Reliance then began making the payments to Wilson.

Wilson filed another action in the Superior Court of Delaware in September of 2000 to obtain uninsured motorist benefits. In October of 2001, Reliance was declared insolvent by the Commonwealth Court of Pennsylvania. Consequently, PPCIGA statutorily acquired all of Reliance's rights and obligations.[2] In April 2001, PPCIGA filed an answer to the Complaint raising affirmative defenses for the first time.[3] Wilson requested arbitration in Delaware County, Pennsylvania, where the vehicle was registered, and filed this declaratory judgment action. In this declaratory judgment action, Wilson seeks to determine the preclusive effect of the default judgment entered by the Superior Court of Delaware.

2. PPCIGA's purpose is to "provide a means for the payment of covered claims under certain property and casualty insurance policies, to avoid excessive delay in the payment of such claims and to avoid financial loss to claimants or policyholders as a result of the insolvency of an insurer." 40 PA. CONS. STAT. ANN. § 991.1801(1). PPCIGA has "all rights duties and obligations of the insolvent insurer as if that insurer had not become insolvent." 40 PA. CONS. STAT. ANN. § 991.1803(b)(2).

3. Essentially, PPCIGA argues that because Gardner was operating the vehicle without Mobile's permission, Wilson does not qualify as an "insured." If Wilson does not meet the definition of an "insured," then she is not entitled to benefits.

3

The parties filed cross motions for summary judgment before the District Court. The District Court found that the Delaware judgment "establishes all the elements necessary to make the judgment valid for the Plaintiff to be entitled to an award of benefits." The Court found that it was required to give full faith and credit to the Delaware Court, and that necessary to the Delaware Court's judgment was a determination that Wilson was "an insured." The Court did not specify whether it was basing its conclusion that the Delaware judgment precluded re-litigation on the doctrine of collateral estoppel or res judicata. Thus, we will examine both.

**III.**

Although we agree with the District Court that the Delaware judgment is entitled to full faith and credit, that does not necessarily mean that it has the preclusive effect Wilson seeks. Wilson seeks a declaration that PPCIGA is estopped from raising certain defenses in her claim for uninsured motorist benefits. In order to succeed on this claim, the Delaware judgment must meet the requirements for either collateral estoppel or res judicata.

*A. Collateral Estoppel*

First, we look to whether PPCIGA is collaterally estopped from litigating the issue of whether Wilson qualifies as an insured. The test for collateral estoppel requires that (1) a question of fact essential to the judgment, (2) be litigated, (3) and determined, (4) by a valid and final judgment. *Messick v. Star Enter.*, 655 A.2d 1209,

4

1211 (Del. 1995); RESTATEMENT (SECOND) JUDGMENTS § 27 (1982). The default judgment entered by the Delaware Court does not meet the requirements of collateral estoppel. RESTATEMENT (SECOND) JUDGMENTS § 27 (1982), cmt. e (explaining that in a judgment entered by default, none of the issues are actually litigated). Thus, PPCIGA is not prevented from litigating whether Wilson was an "insured" by collateral estoppel.

*B. Res Judicata*

Unlike collateral estoppel, a default judgment can support a claim of res judicata. *See Morris v. Jones*, 329 U.S. 545, 550–51 (1947). Under res judicata, "a judgment in a prior suit involving the same parties, or persons in privity with them, bars a second suit on the same cause of action." *E.g., Madanat v. Alpha Therapeutic Corp.*, 719 A.2d 489, 489 (Del. 1998). The issue here is whether the Delaware case and the current case present the same cause of action.

In *O'Leary v. Liberty Mutual Insurance Co.*, 923 F.2d 1062, 1065 (3d Cir. 1991), the plaintiff was injured while operating a vehicle for his employer. *Id.* at 1063. He made an under-insured motorist claim against his employer's insurance carrier, Liberty Mutual. *Id.* at 1064. When Liberty Mutual denied coverage, he made a demand for arbitration and selected an arbitrator. *Id.* When Liberty Mutual failed to select an arbitrator, he filed a Petition to Compel Appointment of an Arbitrator in the Court of Common Pleas. *Id.* In its answer to the Petition, Liberty Mutual set out its legal defense for not having to pay benefits. *Id.* The Court agreed, denied the petition to compel

5

arbitration, and explained the legal reasons why O'Leary could not succeed on his claim. *Id.* O'Leary then filed a second action in federal court seeking to recover under-insured motorist benefits from Liberty Mutual. *Id.* Liberty Mutual claimed that O'Leary's federal court action was barred by res judicata and collateral estoppel. *Id.*

We held that the federal action was not barred by res judicata because the two causes of action were not the same. *Id.* at 1065. We reasoned that while there was no "bright-line test" for deciding when the cause of action is the same, several factors aid the Court in making that determination. *Id.* The factors we considered in *O'Leary* included: (1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same. *Id.* We found none of the similarities in the two actions, even though they both arose from the same incident. *Id.* Rather, we found that the first action was simply an action to compel arbitration, and in the second, O'Leary sought under-insured motorist benefits directly. *Id.*

The same reasoning as applied in *O'Leary*, applies here. When Wilson brought her case before the Delaware court, she sought to enforce an arbitration award that she had already been granted. Although she may have included the underlying facts

6

and allegations in her complaint,[4] the cause of action was simply to enforce the arbitration award.  Here, on the other hand, Wilson is directly seeking uninsured motorist benefits from PPCIGA.  As in *O'Leary*, these are not the same causes of action.  Thus, the second condition of res judicata is not met.

## IV.

Because the Delaware judgment does not satisfy the requirements of either collateral estoppel or res judicata, it does not have preclusive effect in this action.  Thus, the District Court's conclusion that it was bound by the Delaware Court's determination that Wilson was an "insured" is incorrect.  Because this issue has not been conclusively determined, we will vacate the summary judgment and remand for further proceedings consistent with this opinion.

---

4.      In her complaint, Wilson asserted that she was an "insured" under the policy and Delaware statutes.