# IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHARLES J. CROSSAN, §
§
    Plaintiff Below- §
    Appellant, §
§
    v. §
§
TRAVELERS INSURANCE §
COMPANY, §
§
    Defendant Below- §
    Appellee. §

No. 163, 2015

Court Below: Superior Court
of the State of Delaware in and
for New Castle County

C.A. No. N13C-06-258

Submitted: October 28, 2015
Decided: November 17, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

On this 17th day of November 2015, it appears to the Court that:

(1) Plaintiff-Below/Appellant Charles J. Crossan appeals from a Superior Court Order dismissing his Declaratory Judgment Complaint against Travelers Insurance Company. The case arises from a personal injury Crossan sustained while constructing a garage. In a prior proceeding before the Industrial Accident Board ("IAB"), the Board found that Crossan was an employee when injured and was entitled to workers' compensation benefits. The Travelers policy involved in the Declaratory Judgment action from which this appeal is taken is a homeowners policy covering the property upon which the garage is located. Crossan raises one claim on

appeal, which has two parts. He contends that the trial court erred when it dismissed his complaint because: (1) workers' compensation exclusions found in the Travelers homeowners insurance policy are ambiguous and inapplicable; and (2) the doctrine of collateral estoppel is inapplicable to the IAB's factual determination that Crossan was an employee at the time he was injured. We find no merit to Crossan's appeal and affirm.

(2) On May 23, 2010, Crossan was constructing a garage on Anthony Chambers' property. While Crossan walked across a plank that was used on the scaffolding, the plank failed. He fell approximately seven feet to the ground resulting in an injury to his right ankle.

(3) On March 4, 2011, Crossan filed a petition with the IAB against Apex Contracting ("Apex"), a sole proprietorship owned by Chambers, to determine what compensation was due for the injuries he sustained. At the IAB hearing, he testified that he quit a full-time job with another company to start working for Apex. He stated that his primary job with Apex was to construct Chambers' garage, but he also completed other jobs at Chambers' direction. Crossan testified that he worked six to seven days a week, and was paid $15 per hour.

(4) In contradiction, Chambers testified that Crossan and others worked on his garage for free. Chambers stated that Apex had no employees, only accepted jobs he

2

could do by himself, and that he used subcontractors on a limited basis. Additionally, his wife, Melissa Chambers, testified that Apex did not have a workers' compensation insurance policy. The IAB concluded that Crossan was, in fact, an employee of Apex. Further, the IAB determined that his injury was work related, and that Crossan was entitled to workers' compensation benefits from Apex.

(5) On January 2, 2012, Crossan filed suit against the Chambers alleging that his injuries were caused by negligence on their part and that they were strictly liable for his injury due to their failure to have workers' compensation insurance. The Chambers owned a homeowners policy through Travelers at the time of the injury, but Travelers refused coverage for Crossan's claim because the policy excluded coverage where the injured person was eligible to receive benefits under workers' compensation law.

(6) On April 25, 2013, the Chambers assigned their interest in their Travelers homeowners policy to Crossan. The *Crossan v. Chambers*[1] action was stayed while Crossan pursued this declaratory judgment action against Travelers. Crossan contended in the Travelers declaratory judgment action that the exclusions relied upon by Travelers in its denial of coverage were inapplicable, ambiguous and/or against public policy. In addition, Crossan argued that the IAB's determination as to

---

[1] *Crossan v. Chambers*, C.A. No. N12C-01-002, at 1-2 (Del. Super. Sept. 13, 2013) (ORDER).

3

the status of his employment at the time of the injury did not preclude him, under the doctrine of collateral estoppel, from asserting contrary factual allegations in the *Chambers* case, i.e., that he was not an employee at the time of his injury.

(7) Based upon the evidence presented, the trial court ruled that the relevant policy language was clear and unambiguous, and given the IAB ruling that Crossan's injuries were compensable under workers' compensation law, the Travelers workers' compensation exclusions applied. This appeal followed.

(8) "We review the grant or denial of summary judgment *de novo*."[2] "We also exercise *de novo* review of the conclusions of law made in interpreting insurance contracts."[3] "[W]hen the language of an insurance contract is clear and unequivocal, a party will be bound by its plain meaning because creating an ambiguity where none exists could, in effect, create a new contract with rights, liabilities and duties to which the parties had not assented."[4]

(9) "Under the doctrine of collateral estoppel, if a court has decided an issue of fact necessary to its judgment, that decision precludes relitigation of the issue in a suit on a different cause of action involving a party to the first case."[5] "Collateral estoppel extends not only to issues decided by courts, but also to issues decided by

---

[2] *Pac. Ins. Co. v. Liberty Mut. Ins. Co.*, 956 A.2d 1246, 1254 (Del. 2008).
[3] *Id.*
[4] *Rhone Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co.*, 616 A.2d 1192, 1195-96 (Del. 1992).
[5] *Messick v. Star Enter.*, 655 A.2d 1209, 1211 (Del. 1995).

4

administrative agencies acting in a judicial capacity where the parties had an opportunity to litigate."[6]

(10) Crossan's claim is unavailing. First, the homeowners policy is unambiguous. The policy clearly states that personal liability and medical payments do not apply to bodily injury when the injured person is eligible to receive benefits under any workers' compensation law. The plain meaning of the policy language is not susceptible to another reasonable interpretation.

(11) Second, Crossan's assertion that the doctrine of collateral estoppel does not apply to this matter lacks merit. Crossan testified at the IAB hearing that he worked full-time for Apex. The IAB concluded that he was an Apex employee despite Chambers' assertion that he was not. The IAB determined that Crossan was an employee, which is exactly what Crossan sought while in front of the IAB. The trial court was correct when it found that Crossan was collaterally estopped from relitigating whether or not he was an employee.

(12) Therefore, the trial court correctly concluded that the unambiguous language of the Travelers policy excluded Crossan's injuries because he was eligible to recover under the workers' compensation law as an employee of Apex.

---

[6] *Id.*

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is **AFFIRMED**.

BY THE COURT:

Justice

6