IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMISHA VAUGHN, | § | |
| | § | No. 109, 2025 |
| Plaintiff Below, | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| ALLSTATE PROPERTY AND | § | C. A. No. N22C-06-122 |
| CASUALTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: October 8, 2025
Decided: December 12, 2025

Before **SEITZ**, Chief Justice; **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) After her claim for Personal Injury Protection ("PIP") benefits was denied in an Insurance Commissioner Arbitration ("ICA"), Damisha Vaughn brought a claim for Uninsured Motorist ("UM") coverage before the Superior Court. Following discovery, the Superior Court granted Allstate's renewed motion for summary judgment, holding that collateral estoppel barred Ms. Vaughn's UM

coverage claim.[1] The question on appeal is whether an ICA panel's decision denying PIP coverage bars Ms. Vaughn from litigating her UM coverage claim. We hold that it does not, and we therefore reverse the Superior Court's judgment.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

(2) In early August 2020, Ms. Vaughn was involved in a motor vehicle accident while driving a rental car. She maintains that another vehicle hit her car and fled the scene. Ms. Vaughn filed a PIP claim as a covered individual under her mother's Allstate policy. Allstate denied the claim, and Ms. Vaughn filed a request for Automobile Arbitration.

(3) In October 2021, an ICA panel conducted a hearing and issued a decision in favor of Allstate, finding:

> The panel did not find [Ms. Vaughn] to be credible and she was not able to meet her burden of proof to show that an accident did occur.[2]

Ms. Vaughn did not appeal the ICA decision.[3]

(4) In June 2022, Ms. Vaughn filed a complaint in the Superior Court against Allstate for UM coverage, not for the previously arbitrated PIP benefits. After some discovery, Allstate moved for summary judgment, arguing that the doctrines of *res judicata* and collateral estoppel barred Ms. Vaughn's claim because

---

[1] Renewed Mot. for Summ. J. Hr'g Tr. at 35:23–37:11.

[2] App. to Opening Br. at A30 (ICA Decision).

[3] Appellant's Opening Br. at 9 ("It is not disputed that Vaughn did not appeal the decision of the ICA panel").

2

the ICA panel had already found that she did not meet her burden in proving that an accident occurred. The Superior Court denied the motion, concluding that there was a material factual question as to whether Ms. Vaughn had a full and fair opportunity to litigate before the ICA.

(5) Allstate then deposed Ms. Vaughn a second time. During that deposition, Ms. Vaughn either did not know or could not recall any information about the accident or the arbitration. Allstate subsequently renewed its summary judgment motion, which the Superior Court granted, holding that Ms. Vaughn had a full and fair opportunity to litigate during the ICA hearing and that collateral estoppel applied to the issue of whether an accident involving another vehicle occurred.[4]

(6) Ms. Vaughn now appeals the Superior Court's order granting summary judgment to Allstate. Because the Superior Court's holding is contrary to the

---

[4] Renewed Mot. for Summ. J. Hr'g Tr. at 36:15–37:10:

> There was a renewed motion after having taken the deposition of Ms. Vaughn. Mr. Kuhl set forth record evidence which the Court has satisfied after reading the record, as well as the arguments today, that there was nothing that took place or didn't take place that precluded Ms. Vaughn, who was represented at the ICA, from having a full and fair opportunity to litigate the matter.
>
> In fact and indeed, she did indicate that the only issue she had was the cross-examination by Mr. Kuhl, which she didn't appreciate being cross-examined I guess. And she had no other reason for which she or her attorney failed to take an appeal of the ruling by the ICA tribunal.
>
> On that basis the Court finds that the motion is granted. And as to the issue of whether a motor vehicle accident occurred, that was fully and finally litigated and decided by the arbitration panel.

3

optional, non-binding nature of PIP-benefit arbitration and runs afoul of the insurance policy's arbitration provisions, we reverse.

## ANALYSIS

(7) "This Court will review *de novo* the trial court's grant of summary judgment, and will affirm the trial court's legal conclusions unless they represent an error in applying legal precepts."[5]

(8) On appeal—as in the Superior Court—Allstate invokes *res judicata* and collateral estoppel as alternative bases barring Ms. Vaughn's UM claim. Although related, the doctrines are distinct. "*[R]es judicata* bars a court or administrative agency from reconsidering conclusions of law previously adjudicated while collateral estoppel bars relitigation of issues of fact previously adjudicated."[6]

(9) The Superior Court rested its summary judgment ruling on collateral estoppel. The doctrine of collateral estoppel applies if:

> (i) "The issue previously decided is identical with the one presented in the action in question," (ii) "the prior action has been finally adjudicated on the merits," (iii) "the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and" (iv) "the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."[7]

---

[5] *Messick v. Star Enter.*, 655 A.2d 1209, 1212 (Del. 1995) (citing *Arnold v. Soc'y for Sav. Bancorp, Inc.*, 650 A.2d 1270, 1278 (Del. 1994)).

[6] *Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000) (citing *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 520 (Del. 1999), *as modified* (May 27, 1999)).

[7] *Id.* at 535 (citing *State v. Machin*, 642 A.2d 1235, 1239 (Del. Super. 1993)).

4

(10)   Allstate has not shown that either the second or fourth elements are met here.  With respect to finality, the ICA decision cannot be considered a final adjudication for purposes of resolving Ms. Vaughn's UM claim.  "The party asserting collateral estoppel has the burden of showing that the issue whose relitigation [it] seeks to foreclose was actually decided in the first proceeding."[8] Allstate cannot meet this burden.

(11)   First, the PIP-benefit arbitration was optional and non-binding.[9]  Under Section 2118(j), arbitration relating to PIP benefits "is 'purely optional' and 'neither party shall be held to have waived *any* of its rights by *any act relating to* arbitration . . . .'"[10]  The statute aligns with other Delaware precedent holding that selecting

---

Only the second and fourth elements are disputed on appeal.  For the first element, both the PIP claim and the UM claim rest upon the initial, identical question of whether an accident occurred, which was decided at the ICA in the negative.  Appellant's Opening Br. at 8 ("It is not disputed that in the ICA and the UM case, Vaughn must prove that a motor vehicle accident occurred and that she sustained injuries as a result of that accident."); App. to Opening Br. at A30 (ICA Decision).  The third element is also undisputed because Ms. Vaughn was a party before the ICA. *See* App. to Opening Br. at A30 (ICA Decision) (listing the parties in arbitration as Damisha Vaughn and Allstate Insurance Company).

[8] *Proctor v. State*, 931 A.2d 437, 2007 WL 2229013 (Del. Aug. 2, 2007) (TABLE) (citing *Dowling v. United States*, 493 U.S. 342, 350 (1990)); *see Astrum Fund I GP, LP v. Maracci*, 2022 WL 252343, at *6 (Del. Ch. Jan. 27, 2022) (discussing factors—"'terms of the contract' and 'attributes of the award and arbitration record'"—that courts consider when determining if an arbitrator's award is final when deciding a motion to confirm or vacate an arbitration award) (citing *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 321 & n.15 (3d Cir. 2021) and *Kerr-McGee Ref. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991)).  Although the context of this motion differs from *Astrum*, these factors act as a helpful guide.

[9] *See* App. to Opening Br. at A75 (PIP Arbitration Provision); *see also* 21 *Del. C.* § 2118(j).

[10] *Gorum v. GEICO Indem. Co.*, 2011 WL 7063293, at *2 (Del. Super. Dec. 8, 2011) (quoting 21 *Del. C.* § 2118(j)(5)) (emphasis added).

5

non-binding arbitration preserves a party's right to litigate further and "will not give rise to the application of *res judicata* or collateral estoppel."[11]

(12) Second, the policy's plain language supports the conclusion that the ICA's decision regarding PIP benefits was not intended to be binding or have any preclusive effect on other claims.[12] Allstate's policy has separate arbitration requirements for PIP benefits and UM coverage claims.[13] For PIP benefits, the

---

[11] *Id.* (quoting *Scott v. Bey*, 1986 WL 5865, at *4 (Del. Super. Apr. 28, 1986)); *see Abdul-Ahad v. Nationwide Mut. Fire Ins. Co.*, 2016 WL 4269512, at *2 (Del. Com. Pl. Aug. 10, 2016); *see also Hitchens v. Unemployment Ins. Appeal Bd. of State of Del.*, 1987 WL 14872, at *2 (Del. Super. July 23, 1987).

[12] *See Emmons v. Hartford Underwriters Ins. Co.*, 697 A.2d 742, 745 (Del. 1997) ("[W]hen the language of an insurance contract is clear and unequivocal, a party will be bound by its plain meaning . . . .") (quoting *Hallowell v. State Farm Mut. Auto. Ins. Co.*, 443 A.2d 925, 926 (Del. 1982)); *see also In re Verizon Ins. Coverage Appeals*, 222 A.3d 566, 575 (Del. 2019) (stating that "the fundamental rule of contract interpretation to 'give effect to all terms of the instrument'") (quoting *Elliott Assocs. v. Avatex Corp.*, 715 A.2d 843, 854 (Del. 1998)); *see also O'Brien v. Progressive N. Ins. Co.*, 785 A.2d 281, 287 (Del. 2001) ("Contracts are to be interpreted in a way that does not render any provisions 'illusory or meaningless.'") (citation omitted); *see also Torrent Pharma, Inc. v. Priority Healthcare Distribution, Inc.*, 2022 WL 3272421, at *9 (Del. Super. Aug. 11, 2022) ("Where one contract section omits a term present in another, the omission is presumed intentional.").

[13] *Compare* App. to Opening Br. at A75 (PIP Arbitration Provision):

> Any claim or dispute in any way related to this policy . . . may be resolved only upon mutual consent of the parties. Arbitration pursuant to this provision shall be subject to the following:
>
> 1. No arbitrator shall have the authority to award punitive or exemplary damages or attorney's fees;
>
> 2. Neither if the parties shall be entitled to arbitrate any claims or disputes in a representative capacity or as a member of a class; and
>
> 3. No arbitrator shall have the authority, without mutual consent of the parties, to consolidate claims or disputes in arbitration.
>
> This provision shall not apply to claims or disputes to which the **Uninsured Motorists Insurance, If We Cannot Agree** provision applies.

6

governing provision lacks specific requirements for how arbitration must be conducted and contains no language that makes the arbitrator's decision binding.[14] The clause applicable to PIP benefits, however, expressly provides that it does not apply to UM disputes.[15]

(13)  Even if the policy did not expressly exclude UM claims from being resolved in a PIP arbitration, the ICA arbitration did not meet the terms of the policy's UM arbitration clause and therefore fails on that basis as well.  The UM arbitration provision, unlike the PIP arbitration provision, provides that "the decision of any two arbitrators will be binding . . . and may be entered as a judgment in a proper court."[16]  A UM arbitration under the policy also must be based on a mutual

---

(emphasis in original) *with id.* at A79 (UM Arbitration Provision):

> If the **insured person** and **we** do not agree on that person's right to receive damages or on the amount, then upon mutual consent, the disagreement will be settled by arbitration. If the **insured person** and **we** do not agree to arbitrate, then the disagreement will be resolved in a court of competent jurisdiction. The arbitrators will not have the power to decide any dispute regarding the nature or amount of the coverage provided by the policy or claims for damages outside the terms of the policy . . . . Arbitration will take place under the Rules of the American Arbitration Association, or as agreed to by the parties.

> When **we** arbitrate, the decision of any two arbitrators in writing will be binding . . ., and may be entered as a judgment in a proper court. When an award exceeds those limits, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award. Costs, included attorneys fees, and to be paid by the party incurring them.

(emphasis in original).

[14] App. to Opening Br. at A75 (PIP Arbitration Provision).

[15] *Id.* (PIP Arbitration Provision).

[16] *Id.* at A79 (UM Arbitration Provision).

agreement to arbitrate,[17] and "take place under the Rules of the American Arbitration Association . . . ."[18] Nothing in the record contains an agreement to arbitrate the UM claim or suggests that the ICA arbitration complied with the AAA rules.[19] Without following the terms of the UM arbitration clause, the ICA's decision cannot be a final adjudication for UM coverage.

(14)   As to the fourth element of collateral estoppel, a summary judgment motion may only be granted if there are no material facts in dispute,[20] and Allstate did not meet its burden on this record. Allstate places substantial weight on Ms. Vaughn's failure to appeal the ICA's decision, arguing that the absence of an appeal shows that she had the opportunity to fully litigate.[21] The Superior Court endorsed this argument when it granted Allstate's motion for summary judgment.[22] But the record contains several unresolved factual questions regarding Ms. Vaughn's opportunity to litigate before the ICA. The record does not reveal whether Ms. Vaughn's decision not to appeal was based on a belief that collateral estoppel would

---

[17] *See id.* (UM Arbitration Provision).

[18] *Id.* (UM Arbitration Provision).

[19] *See id.* at A30 (ICA Decision).

[20] *Emmons*, 697 A.2d at 744–45 ("A grant of summary judgment cannot be sustained unless there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.") (citation omitted).

[21] *E.g.*, Appellee's Answering Br. at 9.

[22] Renewed Mot. for Summ. J. Hr'g Tr. at 37:3–5 ("And she had no other reason for which she or her attorney failed to take an appeal of the ruling by the ICA tribunal.").

not apply to bar her UM claim, especially considering the language of Section 2118(j).[23]  We therefore cannot conclude at the summary judgment stage that Ms. Vaughn had a full and fair opportunity to litigate.

(15)  Moreover, it is reasonable to infer from the record that the ICA hearing did not contain basic protections that are typically present in a binding arbitration. The ICA hearing was conducted by phone and Allstate was permitted to introduce an expert report without calling the expert to testify or affording Ms. Vaughn the opportunity for cross-examination.[24]  Ms. Vaughn also testified in her UM deposition that her testimony before the ICA panel was quite brief and her attorney was not in the same room.[25]  With the lack of procedural guardrails, it is difficult to accord significant weight to the ICA's one-sentence conclusory finding that Ms. Vaughn was not credible.

(16)  Accordingly, Allstate failed to establish (i) that the ICA decision was a final adjudication, and (ii) the absence of material factual disputes regarding whether Ms. Vaughn was provided a full and fair opportunity to litigate before the ICA panel. Summary judgment on the basis of collateral estoppel therefore was not warranted.

---

[23] It also should be noted that Ms. Vaughn was confused and thought that the arbitration decision had been appealed.  App. to Opening Br. at A55 (Ms. Vaughn's Second Dep.).

[24] *Id.* at A57–58 (Ms. Vaughn's Second Dep.) (stating that the arbitration took place over the phone and Allstate's expert did not testify even though his report was introduced); Appellant's Opening Br. at 10.

[25] App. to Opening Br. at A57–59 (Ms. Vaughn's Second Dep.).

(17)   For related reasons, the elements of *res judicata* are not met.[26] Notably, the cause of action raised in the ICA proceeding is different from Ms. Vaughn's UM claim, even if the underlying issue of whether an accident occurred is the same.[27] Additionally, Section 2118(j) establishes an arbitration procedure exclusive to PIP claims, and the insurance policy at issue reinforces that PIP-benefit arbitration does not relate to UM claims.[28]   Because Ms. Vaughn could not have brought her UM claims before the ICA panel, "claim preclusion" does not bar the UM action now.

(18)   For the foregoing reasons, neither collateral estoppel nor *res judicata* bar Ms. Vaughn's UM claim.

---

[26] The Superior Court did not address *res judicata* in its order, but the doctrine requires:

> First, the original court must have had jurisdiction over the subject matter and the parties. Second, the parties to the original action must be the same as those parties, or their privies, in the case at bar. Third, the original cause of action, or the issues decided therein, must be the same as in the case at bar. Fourth, the issues in the prior action must have been decided adversely to the plaintiff in the case at bar. Fifth, the decree in the prior action was a final decree.

*Scott*, 1986 WL 5865, at *3 (citation omitted).

[27] *Compare* App. to Opening Br. at A30 (ICA Decision) (showing that the claim was for PIP benefits) *with id.* at A43 (Am. Compl.) (stating that the claim was for UM coverage); *see Betts*, 765 A.2d at 535 ("It is clear that the Board was presented with different claims at each hearing: a claim for temporary total disability and thereafter a claim for permanent partial disability. Because the Board was confronted with a different claim at each hearing it was not barred by the doctrine of *res judicata* from making a determination of causation as it pertained to Betts' Petition for Permanent Partial Disability.").

[28] *See* 21 *Del. C.* § 2118(j); *see also* App. to Opening Br. at A75 (PIP Arbitration Provision).

10

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice