**TROY CORPORATION, a Delaware corporation, Plaintiff,**

v.

**Richard W. SCHOON, William J. Bohnen, Steel Investment Company, a Delaware corporation, Peter J. Solomon Company Limited, a Delaware corporation, Peter J. Solomon Company, L.P., a Delaware limited partnership, and Peter J. Solomon Securities Company Limited, a Delaware corporation, and International Speciality Products, Inc., a Delaware corporation, Defendants.**

**Linda J. Bohnen, as Executrix of the Estate of William J. Bohnen, and Steel Investment Company, a Delaware Corporation, Counterclaim Plaintiffs,**

v.

**Troy Corporation, Counterclaim Defendant.**

**C.A. No. 1959–VCL.**

Court of Chancery of Delaware.

Submitted:  May 28, 2008.
Decided:  July 18, 2008.

Michael J. Maimone, Esquire, Greenberg Traurig, LLP, Wilmington, DE, Cathy L. Reese, Esquire, Fish & Richardson, P.C., Wilmington, DE, for Plaintiff/Counterclaim Defendant.

J. Travis Laster, Esquire, Matthew F. Davis, Esquire, Abrams & Laster, LLP, Wilmington, DE, for the Defendants/Counterclaim Plaintiffs.

## OPINION

LAMB, Vice Chancellor.

The plaintiff sues multiple defendants on seven different counts, including breach of contract, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and tortious interference. The moving defendants argue that the plaintiff has previously litigated critical factual allegations underlying many of the counts, and lost. Therefore, the defendants posit, the plaintiff is collaterally estopped from relitigating those facts, and the counts premised thereon must be dismissed. The plaintiff responds that collateral estoppel is inapplicable because the previous litigation was summary in nature, and it therefore lacked a full and fair opportunity to litigate.

The court finds that although the previous litigation was summary in nature, the procedures available to the plaintiff in that case—including the rules of evidence applied, the discovery allowed, and the burden of proof used—were identical or more favorable than those available in the current action. Any limitations the plaintiff faced in the previous litigation were the result of the plaintiff's own litigation strategy. Therefore, collateral estoppel applies and warrants dismissal of the counts premised on the previously litigated factual allegations.

## I.

### A. *The Parties*

The plaintiff, Troy Corporation, is a privately held Delaware company. Troy is an industrial manufacturer of microbial degradation, mold control, and wood preservation products. Troy has three classes of common stock and is governed by a board of five directors. The series A stockholders elect four Troy directors and the series B stockholders elect one director. The series C stock has no voting rights.

The moving defendants are Steel Investment Company, the Estate of William J. Bohnen, and Richard W. Schoon (the "Steel defendants"). Steel, a privately held Delaware corporation used by the members of the Bohnen family as a holding company for various investments, owns 95% of Troy's series B common stock, constituting 33% of Troy's total equity. The remaining 5% is owned directly by members of the Bohnen family. Steel acquired its interest in Troy in 1980 and has designated a Troy director, through its series B stock, since that time. Bohnen served as Steel's director designee from 1998 until his resignation in February 2005.[1] At that time, Steel elected Schoon, a long-time financial consultant to Steel and the Bohnen family, to replace Bohnen on the Troy board of directors. Schoon's election became effective by written consent on February 28, 2005.

### B. *The Facts*

In January 2004, Steel decided to sell its interest in Troy. This decision has spawned no fewer than five separate actions between the parties.[2] In the present

---

1. Bohnen resigned due to health problems and passed away on November 6, 2006. On May 1, 2007, this court granted the motion to substitute Linda J. Bohnen, in her capacity as the executrix of his estate in his stead.

2. In addition to the current action, the parties have filed *Schoon v. Smith,* Del. Ch., C.A. No. 1753–VCL (Schoon's breach of fiduciary duty

claims against Troy and its board of directors), *Schoon v. Troy Corp.,* Del. Ch., C.A. No. 2362–VCL (Schoon and Bohnen's claims for advancement), and two actions brought pursuant to 8 *Del. C.* § 220—*Steel Inv. Co. v. Troy Corp.,* Del. Ch., C.A. No. 1764–VCL, 2005 WL 5783421 and *Schoon v. Troy Corp.,* Del.Ch., C.A. No. 1677–VCL—which were later consolidated into one action.

dispute, Troy has filed a complaint asserting seven counts against Steel, Schoon, and Bohnen; International Specialty Products ("ISP"), a Troy competitor; and Peter J. Solomon Company, L.P., and Peter J. Solomon Securities Company Limited (collectively, "Solomon").[3] Count I asserts a breach of fiduciary duty claim against Schoon and Bohnen based on allegations that they provided Troy's confidential and proprietary information to Steel and Steel's advisors and directors (including Schoon when he was acting as Steel's financial advisor) knowing that Steel was going to then share that information with Troy's competitors. The complaint also alleges that, at the behest of Schoon, Bohnen, and Steel, Conrad Plimpton, a Troy director, shared Troy's confidential information with Troy's competitors in breach of his fiduciary duties.[4]

Count II of the complaint asserts aiding and abetting of breach of fiduciary duty claims against Steel and Solomon, alleging they knew of and encouraged the breaches of fiduciary duties of Plimpton, Bohnen and Schoon. Counts III and IV are against Solomon for breach of contract and breach of fiduciary duty, alleging that it had shared Troy's confidential and propriety information with third parties. Count V is aimed at Steel and ISP alleging they aided and abetted Solomon's breach of fiduciary duty.

Count VI of the complaint is a breach of contract claim, alleging that Steel shared Troy's information with third parties in breach of an agreement between Troy and Steel reached in 1980, and count VII is a tortious interference claim against Schoon, Bohnen, and Steel, alleging they have interfered with Troy's business relations with Rohm & Haas ("R & H") by sharing Troy's confidential information with it. As relief, Troy seeks declarations that Schoon and Bohnen breached their fiduciary duties, that Steel aided and abetted those breaches, and that Steel breached the 1980 agreement. Troy also asks the court to enjoin Steel, Schoon, and Bohnen from sharing Troy's information with third parties or each other. In addition, Troy seeks damages in an amount to be determined at trial.

The Steel defendants have moved for judgment on the pleadings or summary judgment, arguing that collateral estoppel applies because Troy has already litigated many of the facts underlying its causes of action. They further argue that, as a matter of law, Schoon and Bohnen were allowed to share with Steel—the stockholder who designated them—and Steel's advisors information they obtained as Troy directors. Therefore, the Steel defendants argue, claims based on such allegations must be dismissed. No other defendants join the motion.

Troy responds that collateral estoppel is inapplicable in this case, and that, although directors in most circumstance share information they obtain as directors with the stockholder who designated them, in this case Schoon and Bohnen had conflicts of interest that made such sharing a breach of fiduciary duty.

## II.

■ Collateral estoppel, or issue preclusion, prevents a party "from relitigating a factual issue that was previously adjudicated."[5] Collateral estoppel will apply

---

3. Solomon is an investment bank Troy retained to help it secure capital and develop and pursue an acquisition strategy.

4. Troy reached a settlement agreement with Plimpton and he is not named as a defendant.

5. *Capano v. State*, 889 A.2d 968, 985–86 (Del. 2006).

only where (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[6] The party asserting collateral estoppel has the burden of showing that the issue was already decided in the first proceeding.[7]

The Steel defendants argue that Troy has already litigated and lost on its allegations that the Steel defendants improperly shared Troy's information with third parties, or encouraged Plimpton to do so. Specifically, Steel points to *Schoon v. Troy Corp.*[8] ("the 220 Action"), in which Steel and Schoon brought an action pursuant to 8 *Del. C.* § 220 to inspect Troy's books and records. In that case, Troy attempted to prove that Steel and Schoon had in the past improperly shared Troy's confidential information with third parties, or encouraged Plimpton to do so, and therefore lacked a proper purpose for the inspection sought because they planned to similarly share any information they received as a result of their request under section 220.

The court ruled against Troy, holding that Troy did not establish at trial that "Steel had improperly shared Troy's confidential or proprietary information to third-party competitors ISP, R & H, or Arch," or "that Steel was in any way responsible for Plimpton's improper conduct."[9] The court further held "Schoon and Bohnen testified credibly that they did not share Troy's confidential information with Troy competitors and did not encourage or instruct Plimpton to share Troy's confidential information with third parties."[10]

Troy does not dispute that the issues sought to be precluded here are the same issues involved in the 220 Action, that the issues were determined by a final and valid judgment, or that the determination was essential to the judgment in the 220 Action. However, Troy argues that the issues were not "actually litigated." According to Troy, the 220 Action was a summary proceeding and, *ipso facto*, Troy lacked a full and fair opportunity to litigate its information-sharing allegations. In support, Troy points to the fact that this court denied Troy's motion to amend its answer to include as counterclaims and third-party claims the breach of fiduciary duty claims brought in this action because this court found that it would be inappropriate to

---

**6.** *Id.* (citations omitted).

**7.** *Proctor v. State,* 931 A.2d 437, 2007 WL 2229013, at *1 (Del.2007) (TABLE) (citing *Dowling v. United States,* 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)). Courts are less than clear whether a party must bring a collateral estoppel claim by a motion to dismiss, affirmative defense, motion for summary judgment, or some other mechanism. *See Capaldi v. Richards,* 2006 WL 3742603, at *2 (Del.Ch. Aug.9, 2006) (noting that in *In re Nat'l Auto Credit, Inc. S'holders Litig.,* 2004 WL 1859825, at *1 n. 1 (Del.Ch. Aug. 3, 2004) this court treated a motion to dismiss relying on *res judicata* as a motion for summary judgment because *res judicata* "is raised as an affirmative defense," but further noting that other courts have granted judicial

estoppel arguments on motions to dismiss); *see also* Am.Jur. *Judgments* §§ 630, 633 (2006) (discussing generally how parties should raise estoppel claims, and noting that "[a] motion to dismiss is generally not a proper method to raise the affirmative defense of *res judicata*"). The question is probably of little practical import, however, as the court may raise issues of collateral estoppel *sua sponte*. *Cf. Capaldi,* 2006 WL 3742603, at *2 (noting the court may independently raise issues of judicial estoppel).

**8.** *Schoon v. Troy Corp.,* 2006 WL 1851481 (Del.Ch. June 27, 2006).

**9.** *Id.* at *2 & n. 15.

**10.** *Id.*

litigate those claims in the context of summary proceedings such as the 220 Action. Troy also notes that it did not depose Arch or R & H, Plimpton did not testify at trial, ISP's witness was unable to answer many questions, and depositions were limited to three hours.

■ As an initial matter, this court correctly noted that it was inappropriate to litigate all the issues attendant to breach of fiduciary duty claims—damages, scope of duty, affirmative defenses, etc.—in the context of a section 220 proceeding.[11] But the court never indicated that it thought it impossible to fully and fairly litigate in a summary proceeding facts relevant to plenary claims.[12]

■ Indeed, that is precisely what occurred here, as there is no question that Troy had a full and fair opportunity to litigate its allegations in the 220 Action. Troy was not faced with a higher burden of proof in the 220 Action.[13] Rather, Troy simply had to show by a preponderance of the evidence that Steel and Schoon lacked a proper purpose.[14] Nor were the evidentiary rules governing the 220 Action more strict than those present here.[15] If anything, the evidentiary rules in the 220 Action were more permissive than here— courts may consider "sufficiently reliable" hearsay evidence in a 220 action.[16]

Further, Troy took a good deal of discovery.[17] As previously explained in *Schoon v. Troy Corp.*, Troy questioned

---

**11.** Transcript of Oral Argument at 8–9, *Schoon v. Troy Corp.*, C.A. No. 1677–N (Del. Ch. Feb. 9, 2006).

**12.** *Cf. Technicorp Int'l II, Inc. v. Johnston*, 1997 WL 538671, at *5 (Del.Ch. Aug.25, 1997) ("The defendants argue, however, that no factual findings made in a [8 *Del. C.*] § 225 action can have collateral estoppel effect, because of the nature and limited scope of a § 225 proceeding. I cannot agree.").

**13.** *Higgins v. Walls*, 901 A.2d 122, 137–38 (Del.Super.2005) ("To preclude a civil litigant from relitigating an issue previously found against him in a criminal prosecution is less severe than to preclude him from relitigating such issues in successive civil trials, for there are rigorous safeguards against unjust conviction, including requirements of unanimous verdict, the right to counsel, and a record paid for by the state on appeal.") (quoting *Nationwide Mut. Ins. Co. v. Flagg*, 789 A.2d 586, 594 (Del.Super.2001)).

**14.** *See* 8 *Del. C.* § 220 ("Where the stockholder seeks to inspect the corporation's stock ledger or list of stockholders and establishes that such stockholder is a stockholder and has complied with this section respecting the form and manner of making demand for inspection of such documents, the burden of proof shall be upon the corporation to establish that the inspection such stockholder seeks is for an improper purpose."); *Kortum v.*

*Webasto Sunroofs, Inc.* 769 A.2d 113, 118 (Del.Ch.2000) ("Once the director makes a § 220 demand that is refused, a *prima facie* showing of entitlement to the documents has been made and the burden shifts to the corporation to show why inspection should be denied or conditioned.").

**15.** *First Nat'l Bank of Palmerton v. A.E. Simone & Co., Inc.*, 1998 WL 437147, at *3 (Del.Super. May 18, 1998) ("A party has not had a full and fair opportunity if he or she was unable to present critical evidence in the initial proceeding.") (quoting *Snider v. Consol. Coal Co.*, 973 F.2d 555, 559 (7th Cir. 1992)).

**16.** *Marmon v. Arbinet–Thexchange, Inc.*, 2004 WL 936512, at *4 (Del.Ch. Apr. 28, 2004).

**17.** *See Messick v. Star Enter.*, 655 A.2d 1209, 1213 (Del.1995) (refusing to apply in a civil proceeding determinations made in a workers' compensation proceeding in part because discovery was not allowed in the latter proceeding); *Clark v. St. Paul Fire & Marine Ins. Co.*, 2006 WL 3095949, at *3 (Del.Super.Oct. 30, 2006) (citing *Messick*, 655 A.2d at 1213); *see also Sprecher v. Graber*, 716 F.2d 968, 972 (2d Cir.1983) (declining to give preclusive effect to an SEC subpoena enforcement proceeding in a plenary civil action because the defendant was not granted any discovery in the enforcement proceeding).

Schoon and Bohnen extensively at their depositions about whether they shared Troy's information with third parties or encouraged Plimpton to do so.[18] Troy also deposed several third parties, including ISP, a competitor of Troy with whom the defendants allegedly shared information, and Federico Mennella, an individual at Solomon with whom Schoon had allegedly shared Troy's information. Additionally, Troy issued several document requests, many of which related to the alleged information sharing. Troy then focused arguments in its pre-trial briefing, trial questioning, post-trial submissions, and post-trial arguments on the theory that the defendants had shared Troy's information with third parties.

Any limitations Troy faced on its ability to litigate its allegations were the result Troy's litigation strategy, not anything involving the summary nature of the 220 Action. Although Troy complains that Plimpton did not testify in the 220 Action, his absence was not the result of procedures governing those actions. Rather, Plimpton did not testify because Troy did not produce him as a witness even though this court had previously found that Troy had control over him.[19] Similarly, Troy's depositions were limited to three hours only because the parties agreed to that limitation. Troy could have refused the limitation, but instead accepted it.

Finally, Troy explained at oral argument in this action that it did not depose Arch, R & H, or a subsequent ISP witness in the 220 Action because the court expressed surprise at the number of depositions already noticed, and Troy therefore felt it could not notice any more.[20] Yet Troy ignores that the court warned Steel and Schoon at the February 9, 2006 oral argument in the 220 Action that Troy would be allowed to take discovery into the alleged information-sharing, with the only limitation being a request to the parties that they narrow the scope of issues requiring discovery.[21] This court even denied Steel and Schoon's motion to quash the depositions of ISP and Solomon.

In short, the alleged limitations in discovery Troy suffered were the result of a particular litigation strategy Troy chose to pursue, not something this court ordered or otherwise demanded by the summary nature of 220 actions. Troy could have noticed two more depositions and, if challenged with motions to quash or for protective order, convinced the court that the depositions were needed. Troy could have negotiated for longer depositions. Troy could have threatened Plimpton with legal action if he failed to appear at trial. Or, Troy could have considered its situation and decided not to pursue the information-sharing defenses, reserving them for this action.[22] Instead, Troy pressed forward with its information-sharing allegations on

18. 948 A.2d 1157, 2008 WL 2267034, at *8 (Del.Ch. Mar. 28, 2008).

19. Transcript of Pre–Trial Conference at 8, *Schoon v. Troy Corp.*, C.A. No. 1677–VCL (Del. Ch. Apr. 11, 2006).

20. Transcript of Oral Argument at 18–20, *Schoon v. Troy Corp.*, C.A. No. 1959–VCL (Del. Ch. May 28, 2008).

21. Transcript of Oral Argument at 14, 19, *Schoon v. Troy Corp.*, C.A. No. 1677–VCL (Del. Ch. Feb. 9, 2006).

22. *Cf. Technicorp Int'l*, 1997 WL 538671, at *6 (noting that according collateral estoppel effect to findings made in a prior *in rem* action is appropriate because "[a] defendant who fears that particular issues may be important with respect to other claims or in other forums, finally, can avoid actual litigation and determination by stipulating to issues advanced by the plaintiff or withholding his own issues.") (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4431 (1981)).

the basis of the discovery it had. Troy ultimately lost. It is not for this court to rectify Troy's litigation choices by now refusing to apply the doctrine of collateral estoppel.[23]

## III.

■ The court finds that application of collateral estoppel in this case warrants dismissal of count I, count II as against Steel, count VI, and count VII. Counts VI and VII are directly premised on allegations that Steel shared Troy's information with third parties, and that Schoon, Bohnen, and Steel shared Troy's confidential information with R & H, respectively. However, this court has already found that Troy failed to establish that Schoon, Bohnen, or Steel shared Troy's information directly with third parties. Therefore, there is no basis on which this court can grant declaratory, injunctive, or monetary relief as to counts VI and VII.

The effect of collateral estoppel on counts I and II warrants, perhaps, a more involved analysis. Count I is premised on allegations that Schoon and Bohnen shared information with Steel and Steel advisors knowing that Steel would share that information with third parties, to Troy's detriment. Count II asserts that Steel and Solomon aided and abetted that sharing, as well as Plimpton's sharing of information with Troy's competitors.

Of course, this court held in the 220 Action that Troy had failed to establish "that Steel was in any way responsible for Plimpton's improper conduct,"[24] and that "Schoon and Bohnen testified credibly that they ... did not encourage or instruct Plimpton to share Troy's confidential information with third parties,"[25] thereby vitiating those aspects of counts I and II. However, this court's decision in the 220 Action did not directly address whether Schoon and Bohnen had shared information with Steel and Steel advisors, or whether such sharing would have constituted a breach of fiduciary duty. Rather, this court noted in *dicta* that:

Troy established at trial that Schoon's request for inspection of the company's books and records was not for a proper purpose reasonably related to his position as a director. Rather, Schoon's request for inspection of Troy's books and records was made in consultation with and at the direction of Steel to obtain information for Steel so that it could sell its equity stake in Troy. Most telling, Steel authorized and approved a commission to Schoon of up to $500,000 if Schoon was able to sell Steel's shares in Troy by December 2005. Therefore, it is clear that Schoon's request for inspection of Troy's books and records was made when he had a financial incentive to assist Steel in selling its shares at the highest price attainable. Due to this undisclosed conflict of interest, the court cannot find that Schoon's request was made for a purpose related to his directorial duties, and therefore did not grant any relief to Schoon.[26]

---

**23.** *See, e.g., Bouchat v. Champion Prods., Inc.,* 327 F.Supp.2d 537, 548 (D.Md.2003); *Balderman v. U.S. Veterans Admin.,* 870 F.2d 57, 62 (2d Cir.1989) (the fact that a litigant "selected a litigation strategy he now regrets, placing all his eggs in [one] basket" would not prevent a preclusive effect against him); 18 James Wm. Moore et al., *Moore's Federal Practice* § 132.02[2][d] (3d ed. 2008) (stating "[a] party ... cannot avoid issue preclusion simply by offering evidence in the second proceeding that could have been admitted, but was not, in the first, but rather bears the consequences of inadequate litigation by waiving the right to do so in a subsequent case").

**24.** 2006 WL 1851481, at *2 & n. 15.

**25.** *Id.*

**26.** *Schoon,* 2006 WL 1851481, at *1.

Relying on this language, Troy now argues that this court should enjoin Schoon from sharing Troy's information with Steel because "Schoon and Bohnen had a conflict of interest that precluded them from obtaining confidential information from Troy to share with Steel for the purpose of facilitating Steel's plan to market its shares to non-fiduciaries of Troy, and especially Troy's staunchest competitors."[27] Troy concludes that this is a "conflict of interest that would prohibit a director from disclosing information to his/her shareholder designee."[28]

▆▆ The court cannot agree that an injunction is warranted. "A claim for injunctive relief must be supported by the allegation of facts that 'create a reasonable apprehension of a future wrong.' "[29] Here, the potential future wrong Troy alleges is Schoon sharing Troy's information with Steel so that Steel can share that information with third parties. However, as is abundantly clear by now, this court previously held that Steel has never shared Troy's information with third parties, despite its incentives to do so. In this circumstance, Troy has made no allegations creating a reasonable apprehension of a future wrong, and its request for an injunction must be denied. Nor, for the same reasons, can the court issue a declaration that Schoon or Bohnen breached their duties in the past by sharing Troy's information with Steel knowing that Steel planned to share it with third parties, or that Troy has suffered any money damages as a result of any such sharing.

## IV.

For the reasons stated herein, count I, count II as against Steel, count VI, and count VII of the complaint are DISMISSED. IT IS SO ORDERED.

27. Pl.'s Opp'n Br. 23.

28. *Id.*

29. *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 536 (Del.Ch.2005) (quoting *McMa-* *hon v. New Castle Assocs.*, 532 A.2d 601, 605–06 (Del.Ch.1987)).