# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| CORNELIUS BRIDDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 9338-VCP |
| | ) | |
| DR. LEE HANUSCHAK, MARY | ) | |
| TOLSON, AND CORRECT CARE | ) | |
| SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Date Submitted: February 1, 2015
Date Decided: June 12, 2015

Cornelius Briddell, Sussex Correctional Institution, Georgetown, Delaware; *Pro Se Plaintiff*.

Daniel A. Griffith, Esq., Scott G. Wilcox, Esq., WHITEFORD TAYLOR PRESTON, LLC, Wilmington, Delaware; *Attorneys for Defendants*.

**PARSONS, Vice Chancellor.**

This is an action by Cornelius Briddell ("Plaintiff"), an inmate at the Sussex Correctional Institution ("SCI") located in Georgetown, Delaware. Plaintiff seeks a modification of his sentence so that he can receive treatment that the Complaint alleges is necessary for his "sickle cell disease," "chronic pain," and a "chemo-port implanted in [his] chest that hasn't been flushed since incarceration." Plaintiff asserts that, for him to obtain the necessary treatment, his sentence would have to be reduced from Level 5 to Level 4 work release. The Complaint names as defendants Dr. Lee Hanuschak, Mary Tolson, and Correct Care Solutions, LLC ("Correct Care," and with Hanuschak and Tolson, "Defendants").

Defendants have moved to dismiss the Complaint on several grounds. They argue that: (1) this Court lacks subject matter jurisdiction; (2) Plaintiff's claim is barred by collateral estoppel; (3) the Complaint should be dismissed or stayed pursuant to the *McWane* or first-filed doctrine; and (4) Plaintiff has failed to state a claim for injunctive relief.

Defendants' argument that this case should be dismissed or stayed under the *McWane*[1] or first-filed doctrine is based on the existence of a nearly identical claim— against the same corporate defendant, but different individual defendants—that was filed on April 12, 2013, ten months before this action, in the United States District Court for the District of Delaware (the "District Court Action"). After briefing had been completed on Defendants' motion here, their counsel advised the Court by letter dated December 16,

---

[1]     *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281 (Del. 1970).

1

2014, that the District Court had granted summary judgment in favor of the defendants in the District Court Action. Plaintiff did not respond to that letter.

For the reasons stated in this Memorandum Opinion, I conclude that Defendants' motion to dismiss this action should be granted.

## I.    <u>THIS COURT LACKS SUBJECT MATTER JURISDICTION</u>

The Court of Chancery is a court of limited jurisdiction. Under 10 *Del. C.* § 341, this Court has jurisdiction "to hear and determine all matters and causes in equity." In addition, 10 *Del. C.* § 342 provides: "The Court of Chancery shall not have jurisdiction to determine any matter where sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State."

The relief Plaintiff seeks here is to have this Court modify his criminal sentence to allow him to have the benefit of a Level 4 work release classification, instead of his current Level 5, so that he can receive what he contends is a necessary bone marrow transplant. This Court, however, has no jurisdiction to order the modification of a criminal sentence. It is true that Plaintiff seeks injunctive relief in his Complaint, and might qualify for equity jurisdiction on that basis. But, Plaintiff has not identified, and this Court knows of no precedent that provides any reason to doubt that if the Delaware Superior Court agreed with him that a modification of his sentence was appropriate, that Court would have the power to grant such relief. Thus, I conclude that Plaintiff has an adequate remedy at law.

In his Answering Brief regarding Defendants' motion to dismiss, Plaintiff also notes that he has asked this Court for monetary and injunctive relief based on Defendants

2

having subjected him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. A claim for monetary relief in this Court, however, provides no independent basis for Chancery jurisdiction; there still must be a separate ground for equity jurisdiction. In addition, I consider it important that Plaintiff previously sought precisely the same relief in the District Court Action against the same corporate defendant, Correct Care. Therefore, I hold that this Court lacks subject matter jurisdiction over Plaintiff's Complaint, and that it must be dismissed on that basis.[2]

## II. THIS ACTION ALSO SHOULD BE DISMISSED IN LIGHT OF THE DISTRICT COURT ACTION

Another argument Defendants advanced in support of their motion to dismiss was based on the factors established in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*[3] For the reasons that follow, I find that dismissal also would have been proper under *McWane*. As noted above, however, the District Court Action was reduced to a

---

[2]     Plaintiff is representing himself in this matter. With that fact in mind, I note that any case in which this Court finds itself to lack subject matter jurisdiction "may be transferred to an appropriate court for hearing and determination, provided that the party otherwise adversely affected, within 60 days after the order denying the jurisdiction of the first court has become final, files in that court a written election of transfer, discharges all costs accrued in the first court, and makes the usual deposit for costs in the second court." 10 *Del. C.* § 1902. Because Plaintiff's application to proceed *in forma pauperis* in this Court has been granted (D.I. No. 2), the aspect of Section 1902 relating to court costs and fees may not be applicable.

[3]     263 A.2d 281 (Del. 1970).

final and unappealable[4] judgment after briefing in connection with Defendants' motion. Thus, Defendants' *McWane* analysis now appears to be moot, because that doctrine permits a Delaware judge to dismiss or stay an action in favor of a first-filed action *pending* in another jurisdiction.[5] The District Court Action appears to be concluded. As a result, I consider it more appropriate to analyze this situation under the rubrics of claim and issue preclusion.

The elements of *res judicata*, or claim preclusion, are well established. A party claiming that *res judicata* bars a claim in a subsequent action must demonstrate that: (1) the court making the prior adjudication had jurisdiction; (2) the parties in the present action are either the same parties or in privity with the parties from the prior adjudication; (3) the prior adjudication was final; (4) the causes of action were the same in both cases or the issues decided in the prior action were the same as those raised in the present case; and (5) the issues in the prior action were decided adversely to the party's contention in

---

[4] As of the date of this Memorandum Opinion, the docket in the District Court Action reflects no efforts by Plaintiff to appeal the December 11, 2014 order granting summary judgment against him.

[5] *Chadwick v. Metro Corp.*, 856 A.2d 1066, 2004 WL 1874652, at *2 (Del. Aug. 12, 2004) (TABLE) ("Under *McWane* and its progeny, a judge, in the exercise of his or her discretion, may stay or dismiss a later-filed suit where a first-filed suit is pending in a court capable of administering prompt and complete justice and involving substantially similar parties and issues.") (citing *McWane*, 263 A.2d at 283).

the instant case.[6] Res judicata constitutes an absolute bar to all claims or defenses that were litigated or which could have been litigated in the earlier proceeding.[7]

Collateral estoppel, or issue preclusion, prevents a party "from relitigating a factual issue that was previously adjudicated."[8] Collateral estoppel will apply only where (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[9] The party asserting collateral estoppel has the burden of showing that the issue already was decided in the first proceeding.[10]

The parties in this case and the District Court Action are substantially similar. Briddell is the plaintiff in both cases. Both actions name Correct Care as a defendant. The individual defendants in the District Court Action are the former medical director at SCI and a nurse. The individual defendants in this case are another doctor and a second individual who evidently worked for Correct Care when this action was filed.

---

[6] *Hendry v. Hendry*, 2006 WL 1565254, at *8 (Del. Ch. May 26, 2006) (internal citations omitted).

[7] *See id.* at *8.

[8] *Troy Corp. v. Schoon*, 959 A.2d 1130, 1133–34 (Del. Ch. 2008) (citing *Capano v. State,* 889 A.2d 968, 985–86 (Del. 2006)).

[9] *Id.* at 1134.

[10] *Id.*

5

The issues involved in this action and the District Court Action are virtually identical. In both cases, Plaintiff accuses the defendants of subjecting him to cruel and unusual punishment in violation of the Eighth Amendment (and presumably the Fourteenth Amendment) of the United States Constitution by failing to provide adequate medical treatment, and of thereby violating 42 U.S.C.A. § 1983.[11]

Taking into account all of those factors, I conclude that Plaintiff's claim against Correct Care in this case likely is barred by *res judicata*. Because the other two Defendants in this action were not present in the District Court Action, *res judicata* arguably might not bar Plaintiff's claims against them. The issues involved in that earlier action, however, are identical to the issues raised here. Moreover, Plaintiff is the party against whom collateral estoppel is invoked, and he had a full and fair opportunity to litigate the issues in the District Court Action. As a result, Plaintiff is collaterally estopped from litigating those issues against Defendants Hanuschak and Tolson. Therefore, even if I had not found that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction, I would be inclined to dismiss Plaintiff's claims in this action on grounds of claim and issue preclusion.

---

[11]    See Pl.'s Compl. [D.I. No. 1] and Answering Br. [D.I. No. 15] in this action. *See also Briddell v. McDonald*, No. 1:13-cv-00611-RGA (D. Del. Dec. 11, 2014) (slip op.).

## CONCLUSION

For the reasons stated in this Memorandum Opinion, Defendants' motion to dismiss is granted and Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**