Shawe v Cushman & Wakefield (2018 NY Slip Op 00802)





Shawe v Cushman & Wakefield


2018 NY Slip Op 00802


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


652664/16 5618 652482/16 1 5617

[*1]Shirley Shawe, etc., Plaintiff-Appellant,
v
Cushman & Wakefield, et al., Defendants-Respondents, Transperfect Global, Inc. et al., Nominal Parties.
Shirley Shawe, etc., Plaintiff-Appellant,
v
Kidron Corporate Advisors LLC, et al., Defendants-Respondents, John and Jane Does through 10, etc., Defendants, Transperfect Global, Inc., et al. Nominal Parties.


Kruzhkov Russo PLLC, New York (Robert Sidorsky of counsel), for appellant.
DLA Piper LLP (US), New York (Jayne A. Risk of counsel), for Cushman & Wakefield and Michael Burlant, respondents.
Kirkland & Ellis LLP, New York (Warren Haskel of counsel), for Kidron Corporate Advisors LLC and Mark B. Segall, respondents.



Judgments, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered July 25, 2017, dismissing the actions with prejudice, unanimously affirmed, with costs.
As a result of extensive shareholder litigation in Delaware in which the identical issues were finally resolved, these actions are barred by the doctrine of collateral estoppel (see Betts v Townsends, Inc. , 765 A2d 531, 535 [Del 2000]; see also Messick v Star Enter. , 655 A2d 1209, 1211 [Del 1995]).
Plaintiff's claims in these actions depend on alleged breaches of fiduciary duty by Elizabeth Elting, co-founder and 50% owner of nominal party Transperfect Global, Inc. As the precise issue of Elting's alleged breaches of fiduciary duty was addressed and resolved in the Delaware proceedings, the dismissal with prejudice of claims against her in the course of those proceedings bars re-litigation of the issue here (see e.g. Troy Corp. v Schoon , 959 A2d 1130, 1137 [Del Ch 2008]).
Contrary to plaintiff's contention, the resolution of the Delaware proceedings, i.e., the involuntary dismissal of the fiduciary duty claims with prejudice, constitutes an adjudication on [*2]the merits (see Del Ct Ch R 41[b]; RBC Capital Mkts. LLC v Education Loan Trust IV , 87 A3d 632, 643-644 [Del 2014]). Plaintiff presents no authority to controvert the conclusion that, having presided over years of pretrial proceedings and a six-day trial and issued an exhaustive 104-page posttrial decision and a lengthy affirmance of that decision, the Delaware courts "passe[d] directly on the substance" of the fiduciary duty claims (Sellan v Kuhlman , 261 F3d 303, 311 [2d Cir 2001] [internal quotation marks omitted]).
The remaining requirements for applying the doctrine of collateral estoppel are readily met. It was established in the course of the Delaware proceedings that plaintiff was in privity with her son, and, as the Delaware courts determined, she had a full and fair opportunity to litigate the issues in those proceedings.
Plaintiff contends that Supreme Court erred in finding, as an alternative ground for dismissal, that she failed to adequately plead demand futility. However, her arguments based on the scope of the custodian's powers are unsupported by either the statute pursuant to which the custodian was appointed (see 8 Del C § 226) or the court order appointing him.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK