J-S30036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDDIE RAY GRAY | : | |
| | : | |
| Appellant | : | No. 15 WDA 2020 |

Appeal from the Judgment of Sentence entered May 31, 2019
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000264-2012

MEMORANDUM *PER CURIAM*:                    **FILED JULY 28, 2020**

Appellant Eddie Ray Gray appeals from the Judgment of Sentence[1]

entered on May 31, 2019, as made final by the Order entered in the Court of

Common Pleas of Warren County on June 25, 2019, denying his Post-Sentence

Motion following resentencing upon remand from the United States District

Court for the Western District of Pennsylvania at which time he received an

aggregate prison term of twenty-five (25) years to fifty (50) years with credit

for time served.  On this direct appeal, Appellant's counsel has filed both a

petition for leave to withdraw as counsel and an accompanying brief pursuant

---

[1] Appellant purports to appeal from the Order entered on June 25, 2019, denying his post-sentence motion.  However, "[i]n a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa.Super. 2001), *appeal denied*, 800 A.2d 932 (Pa. 2002) (citation omitted). We have amended the caption accordingly.

to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous. We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

A panel of this Court previously summarized the lengthy and disturbing facts and procedural history herein on direct appeal; therefore, we need not restate them in their entirety. **Commonwealth v. Gray**, No. 1503 WDA 2012 (Pa.Super. filed July 9, 2013) (unpublished memorandum). Briefly, Appellant and his cousin and codefendant Jeremy C. Hoden were tried together and were sentenced to thirty-five and one-half (35 ½) years to seventy-one (71) years in prison after a jury convicted them of four (4) counts of Retaliation Against a Prosecutor or Judicial Official, three (3) counts of Retaliation Against a Witness, Victim or Party, seven (7) counts of Terroristic Threats, and one (1) count of Conspiracy- Retaliation Against a Prosecutor or Judicial Official.[2] Prior thereto, Hoden had pled guilty to numerous charges in connection with two criminal matters in 2007, one of which involved his attack on a seventy-seven year old woman which left her hospitalized with serious injuries. The two victims, the elderly woman and her adult son, would have been witnesses

---

[2] 18 PA.C.S.A. §§ 4953.1; 4953; 2706(a)(1); and, 903 respectively.

against Hoden if those matters proceeded to trial. Hoden received a total term of imprisonment of twelve (12) years to twenty (24) years in prison.

Starting in January of 2012 and ending in February of 2012, Hoden and Appellant, both of whom were in prison at the time, mailed letters containing extremely violent, vulgar and highly disturbing language to several trial court judges, the District Attorney an Assistant District Attorney and the two victims. A Pennsylvania State Police trooper also was targeted in the letters, though he did not personally receive one. In the correspondence, Appellant and Hoden threated the lives of the recipients as well as members of their families in graphic detail as to the pain they would inflict upon each individual.[3] The documents indicated that the victims could be killed when Appellant was released from prison and suggested he and Hoden had the ability to obtain help from outside sources in carrying out their threats while they were imprisoned. Each piece of correspondence was signed by the sender, and had the sender's name and prison address on the return address portion of the envelope used to mail it.

_____

[3] For example, this Court previously stressed on direct appeal: "[t]he actions that [Appellant] said that he would commit with respect to ADA Feronti and Judge Morgan are so vile that we could not reproduce them. Indeed, ADA Feronti was pregnant when the letters were sent to her office, and her colleagues did not allow her to view them for fear she would suffer a miscarriage." *Gray*, *supra* at 23-25.

These letters gave rise to the charges for which the men were tried commencing on August 29, 2012. Following trial, the jury convicted both men of the aforementioned crimes. This Court affirmed Appellant's judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on November 27, 2013.

On July 1, 2014, Appellant filed a petition pursuant to the Post Conviction Relief Act (PCRA)[4] *pro se* which was later amended by counsel. Following an evidentiary hearing on August 17, 2015, the trial court denied the PCRA petition. Appellant appealed, and this Court affirmed the PCRA court's order denying his PCRA petition on September 22, 2016. **Commonwealth v. Gray**, No. 1733 WDA 2015 (Pa.Super. filed Sept. 22, 2016) (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on February 28, 2017.

On February 21, 2019, the United States District Court for the Western District of Philadelphia granted, in part, Appellant's *pro se Habeas Corpus* petition and vacated Counts Five (5), Six (6) and Seven (7), all of which related to the three Retaliation Against a Witness, Victim or Party convictions.[5] The District Court determined that Appellant's trial attorney had been ineffective in failing to object to the form of the jury instruction pertaining to these counts at trial. The Court ordered the Commonwealth to retry Appellant

---

[4] 42 Pa.C.S.A. §§ 9541-9546.
[5] 18 Pa.C.S.A. § 4953.

on the three charges within 180 days, or vacate those convictions and resentence him on the remaining counts. In a motion filed March 8, 2019, the Commonwealth opted to have Appellant resentenced on the convictions that had not been vacated.

The trial court held a resentencing hearing on May 31, 2019. At that time, after an on the record colloquy at which time Appellant was advised of the risks in doing so, he proceeded without counsel. N.T. Resentencing Hearing, 5/31/19, at 2-5. At the outset of the hearing, Appellant made an oral motion for extraordinary relief. *Id*. at 6. In his motion, Appellant argued that the Commonwealth had violated Pa.R.Crim.P. 573 by failing to disclose to the defense that the Commonwealth had been aware of letters written by Appellant and Hoden that allegedly asserted their true intent in writing the aforementioned threat letters was to further an escape from prison plot. The trial court denied the oral motion and in doing so explained to Appellant that even were it to assume the letters said what Appellant claimed they did, they would not have changed the result of his trial, because his defense was that Hoden wrote all the letters without Appellant's knowledge. *Id*. at 17-18.

The Commonwealth then urged the trial court to resentence Appellant to thirty-five and one half (35 ½) years to seventy-one (71) years in prison. *Id*. at 21. Despite his previously-presented oral motion, Appellant indicated that he agreed with the Commonwealth "that these crimes were just as heinous than as they are now. There's no taking away from what I wrote,

what I said. The difference now being I've accepted responsibility for what I did regardless of why I did it. I did write those letters. I did send them to the judges. I did send them to the victims and I did send them to the prosecutor/ADA in the Hoden case. Now I get that." *Id*. at 21-22.

Prior to imposing its original sentence, the trial court had the benefit of a pre-sentence investigation report. N.T. Sentencing, 9/7/12, at 5. Importantly, before re-imposing sentence, the trial court recognized Appellant had made great strides toward rehabilitation, and, therefore, determined that while it could keep the initial sentence intact, it would not do so. The trial court stressed it was of the belief that it is "never wed to any sentence and [it] always think[s] good legal work should be rewarded." N.T., Resentencing Hearing, 5/31/19, at 34-38. The court also was aware that at the time the offenses occurred in this case Appellant was classified "REVOC" (Repeat Violent Offender Category) for purposes of determining his Prior Record Score (PRS) under the Sentencing Guidelines, 204 Pa. Code §303.4(a)(2), and §303.16(a), and that the four counts of Retaliation Against Prosecutor or Judicial Official involved four individuals, two judges and two prosecutors, each of whom received a threatening letter from Appellant. *Id*. at 36-37.

The trial court further referenced on the record at resentencing its reasons for the sentence. The court stressed that Appellant's acts of threatening judges and prosecutors were the kind of things that hit at the very basis of the judicial system. The court further highlighted that Appellant's

actions exceeded threats to kill the victims by adding that because he was connected to gangs in Pittsburgh he could still cause them harm from prison. The court reminded Appellant his acts were heinous and designed to strike terror in the victims. The trial court also took into account the general sentencing standards contained in 42 Pa.C.S.A. Sec. 9721(b) when fashioning a sentence that it believed would protect the public and the judicial system, as well as take into account the rehabilitative needs of Appellant and the impact his actions had on the lives of the victims. Importantly, the court also acknowledged that Appellant had made positive strides during his time in prison. *Id*. at 34-38.

Appellant was resentenced as follows: Count 1 -Retaliation against prosecutor or judicial official five (5) to ten (10) years' incarceration; Count 2- Retaliation against prosecutor or judicial official five (5) to ten (10) years' incarceration consecutive to count 1; Count 3- Retaliation against prosecutor or judicial official five (5) to ten (10) years' incarceration consecutive to Count 2; Count 4- Retaliation against prosecutor or judicial official five (5) to ten (10) years' incarceration consecutive to Count 3. On the Counts 9 through 15, Misdemeanor 1 Terroristic Threat convictions, the trial court sentenced Appellant to pay a $100.00 fine with no incarceration time ordered. On Count 17- Criminal Conspiracy, Appellant was sentenced to (five) 5 to (ten) 10 years' incarceration consecutive to Count 4. Thus, Appellant's aggregate sentence was a minimum period of twenty-five (25) years to a maximum of fifty (50)

years in prison, with credit for time served. Appellant was found to be neither Boot Camp nor RRRI eligible. *Id*. at 40. **See also**, Sentencing Order, 5/31/19. The trial court pointed out that Hoden had received a longer sentence than Appellant's for essentially the same conduct. *Id*. at 39.

Appellant filed a post-sentence motion on June 10, 2019, and in its Order entered on June 25, 2019, the trial court denied the same. The instant, timely appeal followed. On January 2, 2020, the trial court entered its Order directing Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel was appointed, and on January 17, 2020, he filed a statement in lieu of errors complained of on appeal. On January 27, 2020, the trial court entered its Pa.R.A.P. 1925(a) Opinion wherein it indicated it had addressed on the record at the time of resentencing each of Appellant's issues raised on appeal and referred this Court to its reasoning set forth on May 31, 2019.

As previously stated, counsel has filed a petition to withdraw from representation along with an *Anders* brief with this Court. Before reviewing the merits of this appeal, we first must determine whether appointed counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa.Super. 1998).

To withdraw under *Anders*, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of

the record, counsel has determined that the appeal would be frivolous."

***Miller***, 715 A.2d at 1207. Second, counsel must file an ***Anders*** brief, in which

he or she:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra***, 978 A.2d at 361. Finally, counsel must furnish a copy of

the ***Anders*** brief to his or her client and advise the client "of [the client's]

right to retain new counsel, proceed *pro se* or raise any additional points

worthy of this Court's attention." ***Commonwealth v. Woods***, 939 A.2d 896,

898 (Pa.Super. 2007).

If counsel meets all of the above obligations, "it then becomes the

responsibility of the reviewing court to make a full examination of the

proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n. 5; ***see also***

***Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa.Super. 2018) (*en*

*banc*) (holding that the ***Anders*** procedure requires this Court to review "the

entire record with consideration first of the issues raised by counsel. ... [T]his

review does not require this Court to act as counsel or otherwise advocate on

behalf of a party. Rather, it requires us only to conduct a review of the record

to ascertain if[,] on its face, there are non-frivolous issues that counsel,

intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our review begins with the claims Appellant raises in his brief:

(1) Did the trial court abuse its discretion in entering its May 31, 2019, sentencing order in the within case?

(2) Were the sentences on the convictions at Counts 1,2,3, and 4, for the 'Retaliation Against Prosecutor or Judicial Officials' (18 Pa.C.S.A. Sec. 4953.1), excluding the sentence on the conspiracy conviction to commit - same, illegal as the trial court failed to merge the sentences entered for the convictions of 'Retaliation Against Prosecutor or Judicial Official'(18 Pa.C.S.A. Sec. 4953.1)?

(3) Were the verdicts relating to Counts 1,2,3,4, and 17 (ie. Retaliation Against Prosecutor or Judicial Official, and, conspiracy to commit same, against the weight of the evidence as there was no objective harm separate and apart from the mere showing of an unlawful act by the defendant?

(4) Did the trial court error [sic] in failing to grant extraordinary relief when the prosecutor failed to provide [Appellant] with evidence that they were aware, prior to trial, that [Appellant's] intent in writing the offending letters was not for the purpose of threatening the judicial officials or prosecutors but rather was for the purpose of having himself [Appellant] transported to Warren County Jail ,from a State Correctional Facility, to facilitate an escape plot?

> (5)  Was the waiver of counsel colloquy at time of resentencing so defective as to constitute reversible error?

***Anders*** brief at 1-3.

In considering Appellant's claims, we are guided by a well-settled standard of review.  We have explained:

> sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Commonwealth v. Crork***, 966 A.2d 585, 590 (Pa.Super. 2009) (quotations and citations omitted).

Appellant initially challenges the discretionary aspects of his sentence. Appellant is not entitled to review of such claims as a matter of right, for this Court first conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> * * * *
>
> A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citations omitted).

Herein, Appellant preserved his first claim by filing a post sentence motion, and a Pa.R.A.P. 2119(f) statement is included in the ***Anders*** brief. However, the substance of Appellant's discretionary aspects of sentencing claim is frivolous. First, the trial court had the benefit of a PSI. "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). Further, Appellant's sentence was in the standard range of the sentencing guidelines, and the trial court detailed its reasons for imposing the same. Where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Moury***, 992 A.2d 162, 171 (Pa.Super. 2010).

Moreover, this Court has held that the imposition of consecutive sentences following one's convictions for multiple criminal acts that arose out of a larger criminal transaction does not in itself raise a substantial question, as a defendant is not entitled to a "volume discount" for his crimes. ***Commonwealth v. Hoag***, 655 A.2d 1212, 1214 (Pa.Super. 1995). Therefore, under the circumstances of this case, we cannot conclude that the imposition of concurrent, standard range sentences constitutes an

unreasonable sentence. Hence, Appellant's challenges to the discretionary aspects of his sentence is frivolous.

Appellant next posits the convictions for retaliation against the judges and prosecutors, excluding the conspiracy to commit the same offenses, should have merged for sentencing purposes because they were part of one episode. Our standard of review for a merger claim is *de novo* and the scope of review is plenary. **Commonwealth v. Tanner**, 61 A.3d 1043, 1046 (Pa. Super. 2013). 42 Pa.C.S.A. §9765 states, in part, that no crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act. Convictions merge for sentencing purposes where: "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." **Commonwealth v. Kimmel**, 125 A.3d 1272, 1276 (Pa.Super. 2015) (*en banc*). As previously stated, Appellant wrote different letters to two trial court judges, the district attorney and an ADA; therefore, his separate criminal acts were directed toward each of these victims. It follows that the merger doctrine does not apply, and this claim is meritless.

Appellant's third issue challenging the weight of the evidence is waived for his failure to preserve it in his post-sentence motion. We observe that Appellant never made a pre or post-sentence motion for a new trial based on the weight of the evidence. *See Commonwealth v. Thompson*, 93 A.3d 478, 490 (Pa.Super. 2014) ("a weight of the evidence claim must be preserved

either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing."). *See also* Pa.R.Crim.P. 607(A)(1)-(3) (claim that verdict was against weight of evidence shall be raised in motion for new trial orally on the record before sentencing, or in written motion before or after sentencing).

Next, Appellant asserts the trial court erred in failing to grant his oral motion for extraordinary relief because the prosecution withheld evidence which would have revealed his true intent in writing the letters. Appellant contends his intent when writing the letters was to further an escape plot with Hoden, not to harm the judicial officer or prosecutors to whom the correspondence was sent. Essentially, this is a claim of after-discovered evidence discovered during the post-sentence stage. Such a claim must be raised promptly with the trial judge at the post-sentence stage, and where an appellant has failed to file a post-trial motion for a new trial on the basis of after-discovered evidence, such a claim is deemed waived. *See Commonwealth v. Childress*, 680 A.2d 1184, 1189 (Pa.Super. 1996). Therefore, Appellant's failure to include this claim in his post-sentence motion results in its waiver.

Moreover, even if it had been properly preserved, the trial court at the original sentencing hearing stated on the record "[t]here was a discussion with the Attorney General prior to the case starting about putting a letter that they found in your cell about some type of escape plan or something along that

nature." N.T. Sentencing, 9/7/2012, at 10. Therefore, Appellant cannot now plausibly claim he was unaware that the Commonwealth knew of his alleged motive in writing these letters prior to resentencing, at which time his own admissions that he wrote the disturbing letters to the affected individuals contradict this present argument.

Finally, Appellant maintains the waiver of counsel colloquy conducted at the resentencing hearing was so defective as to constitute reversible error. Following our review of the resentencing transcript, we find this claim to be disingenuous, for Appellant clearly indicated his was aware of his actions and presented arguments which the trial court recognized as "good legal work." N.T. Resentencing Hearing, 5/31/19, at 38. In fact, at no time at the resentencing hearing or in his post sentence motion did Appellant contend his colloquy was in any way defective. It is axiomatic that the mere filing of an **Anders** brief and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal. **See** Pa.R.A.P. 302(a) (providing the general rule that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Thus, this issue is both waived and meritless.

We have independently considered the claims raised within Appellant's brief and determined that they are frivolous. In addition, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we grant

counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2020