# SUPERIOR COURT
## of the
# STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone: (302)-735-2111

Ms. Karen Shaffer
12 NW Front Street 102
Milford, DE 19963

Mr. Peter K. Schaeffer, Esquire
Avenue Law
1073 S. Governors Avenue
Dover, DE 19904

**RE:  *Karen Shaffer v. Dudley Dixon*
*Case No. K22C-05-008 JJC***

Submitted:  December 28, 2022
Decided:    March 14, 2023

Ms. Shaffer and Mr. Schaeffer:

This letter provides the Court's reasons for granting Defendant Dudley Dixon's motion for summary judgment.   In this case, Plaintiff Karen Shaffer sues Mr. Dixon for unspecified damages.   She alleges that Mr. Dixon harassed her and retaliated against her by filing a summary possession action in the Justice of the Peace Court that named her as a defendant.

At first, Mr. Dixon moved to dismiss Ms. Shaffer's suit pursuant to Superior Court Civil Rule 12(b)(6).   He contended that (1) Ms. Shaffer failed to sue the proper party, and (2) her claims were moot.   In support of the motion, he presented documents from outside the pleadings.   As a result, the Court converted the motion to one for summary judgment after providing the parties the opportunity to supplement the record.

When considering the expanded record on summary judgment, Ms. Shaffer did not sue the proper party. Furthermore, the doctrine of issue preclusion would bar her claims against the proper party even if the Court were to permit her leave to amend the complaint. As a result, summary judgment for Mr. Dixon is appropriate.

## Background

Ms. Shaffer rented an apartment in a Milford apartment complex. Early in 2022, her landlord sued her in the Justice of the Peace Court No. 16 to recover unpaid rent and possession of the apartment. Shortly after her landlord sued her, she sued Mr. Dixon in the Superior Court for retaliation and harassment.

The Court has examined Ms. Shaffer's complaint with some laxity because she is a *pro se* party. For instance, her complaint did not specify the nature of her damages. The Court, nevertheless, infers that she seeks compensation for mental pain and suffering caused by Mr. Dixon's efforts to evict her. Furthermore, the Court accepts that Ms. Shaffer genuinely believes that Mr. Dixon used court processes to evict her because she complained about noise and habitability issues in her apartment.

In late 2022 after the Justice of the Peace Court issued its decision, Mr. Dixon moved to dismiss Ms. Shaffer's suit on two grounds pursuant to Superior Court Rule 12(b)(6). First, Mr. Dixon alleged that Ms. Shaffer sued the wrong party because he has never been her landlord. Second, he contended that the Justice of the Peace Court's order made her claims moot because it awarded possession to her landlord.

When Mr. Dixon filed his Rule 12(b)(6) motion, he relied on documents that were neither incorporated into nor integral to the complaint. Those documents included the lease between Ms. Shaffer and her landlord, NW Front Street LLC (hereinafter "the LLC"). They also included a Justice of the Peace Court decision that granted possession of her apartment to the LLC. Finally, he included a writ of

2

possession that the constable had posted on her unit directing her to vacate the apartment.

The Court then held an oral argument on the motion. At the hearing, Mr. Dixon attempted to supplement the record further with a then-returned writ of possession that showed Ms. Shaffer had already vacated the premises. Mr. Dixon's counsel reiterated that Mr. Dixon did not own the property and that he had never represented himself to be her landlord.

In turn, Ms. Shaffer confirmed that her harassment and retaliation claims focus on the then-resolved summary possession action in the Justice of the Peace Court. She explained that she believed *Mr. Dixon* had retaliated against her and harassed her (1) by sending her a letter demanding that she pay her rent or face eviction, and (2) by then prosecuting an unlawful summary possession suit against her. She believed that both actions, in combination, caused her mental anguish.

After considering the parties' positions, the Court converted the motion to one for summary judgment. It did, in large part, because Mr. Dixon had already submitted documents that were not integral to the complaint.[1] In addition, the Court converted the matter because Ms. Shaffer sought to produce additional documents that proved Mr. Dixon was her landlord.

As a result, the Court provided the parties sufficient time to supplement the record.[2] For his part, Mr. Dixon provided the Court with Kent County tax records

---

[1] *See Furman v. Delaware Dept. of Transp.*, 30 A.3d 771, 774 (Del. 2011) (finding that the court could not consider extrinsic material on a motion to dismiss because the extrinsic evidence was offered for its truth and was not integral to plaintiff's claim or incorporated into the complaint by reference).

[2] *See Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1288 (Del. 2007) (recognizing that the Rule requires the Court to provide the parties at least ten days' notice of its intent to convert a 12(b)(6) motion to dismiss into a Rule 56 summary judgment motion to give the parties adequate notice and a reasonable opportunity to respond). Here, the Court provided the parties until December 28, 2022 to supplement the record. Both parties confirmed at the oral argument on December 9, 2022 that the submission deadline was reasonable.

that identified the LLC as the true owner. For Ms. Shaffer's part, she provided (1) filings from the Division of Corporations demonstrating that the LLC was an active Delaware limited liability company, (2) an appraisal filed with the County that demonstrates the LLC to be the proper owner, and (3) a website printout that identifies Mr. Dixon as a home inspection repair specialist. The website contains Mr. Dixon's biography but mentions no relationship between either Mr. Dixon and Ms. Shaffer's apartment, or between Mr. Dixon and the LLC.

When considering these materials viewed in the light most favorable to Ms. Shaffer, Ms. Shaffer and the LLC entered a rental agreement for her Milford apartment in March 2018. The LLC, as her landlord and the property owner, filed a summary possession action to recover possession of the apartment in May 2022 for unpaid rent. Shortly thereafter, Ms. Shaffer sued Mr. Dixon in Superior Court.

The parties then tried the case before a single magistrate in July 2022. After trial, the court awarded possession to the LLC.[3] The Justice of the Peace Court's order reflects that Ms. Shaffer argued that the LLC sued her in retaliation for her previous complaints about apartment living conditions.[4]

After the magistrate entered judgment on behalf of the LLC, Ms. Shaffer could have appealed the decision to a three-judge panel pursuant to 25 *Del.C.* § 5717(a). If she had filed an appeal, there would have been a second trial, *de novo*, to permit her to argue retaliation as a defense a second time. The lower court's judgment became final, however, when she declined to appeal the decision. In due course, the Justice of the Peace Court issued a writ of possession that permitted the LLC to

---

[3] *NW Front St., LLC v. Shaffer*, C.A. No. JP16-22-003155 (Del. J.P. Oct. 3, 2022) (ORDER).
[4] *Id.* at 2.

recover the unit.[5]  The constable then served the writ and forced Ms. Shaffer to vacate the apartment on October 26, 2022.

**Standard**

When a party files a motion to dismiss under Rule 12(b)(6) and relies upon matters outside of the pleadings, the Court must either convert the motion to one for summary judgment or decline to consider the supplemental materials.[6]  If the Court converts the motion, it must provide the parties leave and enough notice to supplement the record to support their positions.[7]

After such conversion, Superior Court Civil Rule 56(c) provides for summary judgment if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law.   The movant carries the initial burden to demonstrate that there are no genuine issues of material fact.[8]   If the movant meets that initial burden, the burden shifts to the non-moving party to demonstrate a factual dispute.[9]  At that point, the non-movant cannot rest on mere allegations or denials.[10]  Rather he or she must identify a factual dispute through affidavits or other acceptable means.[11]  Finally, the Court must consider the evidence of record in the light most favorable to the non-moving party at each stage.[12]

---

[5] *See* 25 *Del. C.* § 5715 (providing that upon a Justice of the Peace Court's judgment in favor of a plaintiff, the court will issue a writ of possession commanding the removal of persons unlawfully located therein, to place the plaintiff in possession).
[6] Super. Ct. Civ. R. 12(b)(6).
[7] *Id.*
[8] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[9] *Id.*
[10] Super. Ct. Civ. R. 56(e).
[11] *Brzoska v. Olson*, 668 A.2d 1355, 1365 (Del. 1995).
[12] *Id.*

## Discussion

Summary judgment in favor of Mr. Dixon is appropriate for two reasons. First, Mr. Dixon is not the proper party. Second, Ms. Shaffer's claims turn on a previously litigated issue. Accordingly, even if Ms. Shaffer were permitted to amend her complaint to name the LLC as a defendant, the doctrine of issue preclusion would require the Court to dismiss her suit because it seeks to relitigate the same issue.

Mr. Dixon produced a copy of the lease that demonstrates he is not Ms. Shaffer's landlord or the owner of the apartment.[13] In that way, he meets his initial burden on summary judgment. In addition, Mr. Dixon offers the Justice of the Peace Court summary possession order that confirms that the LLC is the proper party, rather than he.[14] With that showing, the burden shifts to Ms. Shaffer to identify evidence that demonstrates a genuine issue of material fact. Here, she must demonstrate a factual dispute over whether Mr. Dixon retaliated against her or harassed her.

Here, the Court provided Ms. Shaffer a full opportunity to identify likely admissible evidence to support her claim. She has not identified any such evidence through an affidavit, a document, or other source that could sustain a claim against Mr. Dixon. In fact, the property records that Ms. Shaffer submitted conclusively demonstrate that the LLC owns the apartment. Her claims against Mr. Dixon fail on summary judgment because (1) Ms. Shaffer's allegations center on the alleged unfairness of the *LLC's* eviction efforts, and (2) she identifies no evidence that supports a claim that *Mr. Dixon* took retaliatory or harassing actions against her.

Apart from Mr. Dixon being the wrong party, the Court recognizes Ms. Shaffer's status as a *pro se* litigant and applies technical pleading requirements with

---

[13] Def.'s Answer, Ex. A, at 1 (the parties' Residential Lease Agreement).
[14] *Shaffer*, C.A. No. JP16-22-003155 at 1.

6

some laxity. For that reason, the Court has considered whether it should permit Ms. Shaffer to amend her complaint to add the LLC as a party, even absent her request to do so. After doing so, the Court declines to permit her to amend her complaint because the doctrine of issue preclusion would render the amendment futile.[15]

Issue preclusion applies when (1) a question of fact essential to the judgment, (2) is litigated, and (3) is determined by (4) a valid and final judgment.[16] The doctrine prevents a party from relitigating a factual issue in a second suit when a court necessarily examined the same issue in a prior suit.[17] It favors the finality of judgments and conserves judicial resources by not permitting litigants to pursue claims piecemeal.

In the Justice of the Peace Court suit, Ms. Shaffer contended that the LLC retaliated against her because she complained about the living conditions in her unit.[18] Retaliation is an available defense to a summary possession claim.[19] In addition to being a permissible defense, Delaware's Landlord Tenant Code permits an aggrieved tenant to recover up to three months' rent or treble damages either by direct suit or by counterclaim.[20]

In the present suit, Ms. Shaffer raises the same factual claims that she presented to the Justice of the Peace Court as a defense in her eviction trial. When the lower court granted the LLC possession, the court necessarily found that the LLC had not retaliated against her. In addition, because the lower court found the

---

[15] *See Clark v. State Farm Ins. Co.*, 131 A.3d 806, 811–12 (Del. 2016) (explaining that leave to amend a complaint should be freely given unless the amendment would be futile – meaning, subject to dismissal under Rule 12(b)(6) for failure to state a claim).

[16] *Abbott v. Vavala*, 2022 WL 453609, at *11, n. 115 (Del. Ch. Feb. 15, 2022) (citing *Garvin v. Booth*, 2019 WL 3017419, at *3 (Del. Super. Jul. 10, 2019)).

[17] *Messick v. Star Enter.*, 655 A.2d 1209, 1211 (Del. 1995).

[18] *See Shaffer*, C.A. No. JP16-22-003155 at 2 (recognizing that Ms. Shaffer raised the issue of the LLC's allegedly retaliatory motive as a defense in the Justice of the Peace Court).

[19] 25 *Del. C.* § 5516.

[20] *Id*. § 5516 (a), (b), and (e).

LLC's suit meritorious, the final judgment inescapably includes the implicit finding that the LLC brought the suit for a proper purpose. Because that judgment became final, the doctrine of issue preclusion bars Ms. Shaffer's similar claims in this suit. It would be futile to permit her to amend her complaint to add the LLC as a defendant. She cannot now relitigate the same issues decided adversely against her in a court of competent jurisdiction.

## Conclusion

For the reasons discussed above, Ms. Shaffer sued the improper party. Even if the Court had permitted her to amend her complaint before the Court converted the matter to a motion for summary judgment, the amendment would have been futile under the circumstances. As a result, summary judgment in favor of Defendant Dudley Dixon is **GRANTED**.

**IT IS SO ORDERED.**

Very truly yours,

/s/Jeffrey J Clark
Resident Judge

JJC:klc
*Via File & ServeXpress*
*U.S. Mail to Plaintiff Karen Shaffer*

8